MICHAEL DALY, RESPONDENT, v. SINGAC AUTO SUPPLY COMPANY, APPELLANT.

Argued October 20, 1926—Decided January 31, 1927.

1. In an accident case, when the testimony discloses a condition that may be expressed by the phrase a "complicated condition of circumstances" or a "congeries of concurrent circumstances," a jury question is involved. It is not·error for the trial court to refuse to nonsuit the plaintiff. In this case, the plaintiff was injured while standing on the side of the road in front of a stalled automobile truck, which was pushed against him by another automobile approaching from behind the stalled auto truck, which it struck.

2. When two or more persons, though not acting in concert, occasion an injury, they are severally liable for the consequences. When the tort is joint, each, any or all of the tort-feasors are liable.

On appeal from the Passaic County Circuit Court.

For the appellant, *Heine, Bradner & Laird.*

For the respondent, *Michael J. Murphy* and *Arthur C. Dunn.*

The opinion of the court was delivered by

BLACK, J.   The trial of this cause resulted in a verdict and judgment for the plaintiff. The cause of action was based upon a charge of negligence made against the defendant. The injury to the plaintiff was caused while he was standing on the right-hand side of the Newark-Pompton Turnpike

road, on April 9th, 1924, between nine and ten o'clock in the evening. The plaintiff was standing just in front of a Ford automobile truck, in which he had been riding for a demonstration. The truck was stalled standing on the right-hand side of the road with the left rear wheel partly on and partly off the amesite. A car driven by John Joyce crashed against the rear of the automobile truck of the defendant, the Singac Auto Supply Company, with such sudden force that it propelled the Ford truck against the plaintiff causing his injuries.

The grounds of appeal are without legal merit. They call for no discussion, except, perhaps, the third, viz., the trial court erred in refusing to grant a nonsuit on the grounds— *first,* no negligence was shown on the part of the defendant; *second,* the plaintiff was guilty of contributory negligence. A summarized statement of the essential facts will reveal a condition which shows that a jury question was involved in both points. It was therefore not error for the trial court to refuse the motion. As stated, the plaintiff was injured while standing in front of the Ford automobile truck on the right-hand side of the Newark-Pompton Turnpike road. The plaintiff was negotiating for the purchase of a Ford automobile truck, and having made a selection, the defendant arranged for a demonstration and invited the plaintiff to enter the auto truck, which he did. The plaintiff, before entering the truck, noticed that the lighting device did not work and called the attention of the defendant to that fact. Something was then done, or attempted to be done, by the defendant's mechanic to remedy this defective condition of the truck. After attempting to fix the lighting apparatus, the plaintiff, with a companion, entered the truck, and the defendant's servant drove the truck from the garage out on the highway, to demonstrate it to the plaintiff. When about three hundred yards out, the truck "stalled" partly off the amesite, with its rear extending over the amesite at an angle. The lights went out when the auto truck stalled. Record, line 19, page 31; line 34, page 49. The plaintiff got out of the truck to permit the operator to get out and crank it. He

stood on the side near the front of the auto, waiting for the operator to start the engine; while so standing, another automobile operated by John Joyce came from the rear in the same direction and collided with the defendant's auto truck, pushed or knocked it against the plaintiff, throwing him underneath and causing the plaintiff's injuries. The plaintiff charged negligence against both defendants, Singac Auto Supply Company and John Joyce, the latter defendant could not be served with process. The plaintiff argues, the two elements of negligence charged against the defendant, to wit, having a truck equipped with defective parts and mechanism resulting in the stalling of the truck and failing to have a rear light on the truck while it was stopped on the highway at night, are supported by evidence. It is elementary that it is the province of the jury to settle the facts and to draw the legitimate inferences therefrom, or, when the testimony reveals the situation, which may be expressed by the phrase as a "complicated condition of circumstances" or a "congeries of concurrent circumstances," a jury question is involved; hence, it was not error for the trial court to refuse the motion to nonsuit.

So, in reference to contributory negligence. *Fagan* v. *Central Railroad Co.,* 94 *N. J. L.* 454; *Osbun* v. *De Young,* 99 *Id.* 204.

It is also elementary, that if two or more persons owe to another the same duty and by their common neglect of that duty one is injured, the tort is joint, and upon well-settled principles each, any or all of the tort-feasors are liable, or if the negligence of each was without concert, if such several neglects concurred and united together in causing injury, the tort is equally joint, and the tort-feasors are subject to a like liability. *Matthews* v. *Delaware, &c., Railroad Co.,* 56 *N. J. L.* 34; *Newman* v. *Fowler,* 37 *Id.* 89. Nor was it error for the trial judge in the charge to say: "And the plaintiff says that upon the slowing or stopping the lights were extinguished, so that it no longer displayed a light of warning."

Finding no error in the record, the judgment of the Passaic Circuit Court is affirmed:

*103 N. J. L.* In re Board, &c., West New York.

*For affirmance*—The Chancellor, Chief Justice, Trenchard, Minturn, Kalisch, Black, Katzenbach, Campbell, Lloyd, Van Buskirk, McGlennon, Kays, Hetfield, JJ. 13.

*For reversal*—None.