ANNA RUBEL, PLAINTIFF, v. OSCAR WEISS ET AL.,
DEFENDANTS.

Decided May 4, 1929.

Before GUMMERE, CHIEF JUSTICE, and Justice PARKER.

For the rule, *William B. Stites.*

*Contra, Feder & Rinzler.*

PER CURIAM.

The plaintiff, about ten o'clock in the morning, was riding in an automobile, owned by her and driven by her partner, along Main avenue, in the city of Passaic, traveling in a northerly direction. At the same time an automobile belonging to the defendant Weiss was being driven in a westerly direction on Brook avenue, an intersecting street. The automobile of the latter was being operated by the defendant Dora Bluestein. The two automobiles collided at the intersection of the streets named, injuring the plaintiff and damaging her car. She claims that the collision was the result of the carelessness of the defendant Dora Bluestein in driving

the defendant Weiss' car, and brought suit against her, and also against the defendant Weiss, whose agent she was, to recover compensation from them for the injuries received by her and the damage done to her car. The trial resulted in a verdict of $2,500. in favor of the plaintiff and against the defendant Weiss only.

The first ground upon which we are asked to make this rule absolute is that the verdict so rendered was in direct opposition to the charge of the court. And this is true. The court charged the jury that if they should find Weiss liable because of his ownership of the car and the agency of Mrs. Bluestein, "the verdict in that case will be against both Mrs. Bluestein and Mr. Weiss, because, even though Mrs. Bluestein might be the agent of Mr. Weiss, if she was negligent, she is personally responsible for her own wrongful act, as well as her principal, for whom she is the agent." Ordinarily the failure of a jury to find a verdict either for or against one or more of the defendants in an action is no ground for setting aside such verdict as to the defendant against whom it is rendered. But this principle does not apply where the court expressly charges the jury that their verdict must be against both or neither of the defendants, and the jury deliberately disregards that instruction.

For this reason, the rule to show cause will be made absolute.