ESSEX COUNTY COURT OF COMMON PLEAS.

STATE v. GEORGE VON GELDERN.

Decided June 29, 1932.

For the state, *Leon W. Kapp* and *Harold Fisher,* special assistant prosecutors.

For the defendant, *Thomas Brunetto.*

FLANNAGAN, J. The defendant testified that shortly prior to the time of his arrest he had taken intoxicating liquor. He testified to but one drink but admitted, stating to the police captain, at or about the time of his arrest, that he had had a few drinks. He drove his automobile into a safety aisle and on his arrival at the hospital with his companion, after the "accident," carried a bottle containing liquor in his pocket which he deposited on the floor in the hospital. The doctor at the hospital, after examination, pronounced him under the influence of intoxicating liquor. Upon all the evidence the court finds he was driving an automobile while under the influence of intoxicating liquor at the time and place charged in the complaint.

A motion was made at the opening of the trial in this court attacking the record of conviction in the Recorder's Court as insufficient and decision on this motion was reserved by this court until all the testimony should be in.

In *State* v. *Whitaker, 7 N. J. Mis. R.* 395; 146 *Atl. Rep.* 42, the court indicated the proper contents of a "conviction" or record of summary proceedings and held that the form prescribed by *Pamph. L.* 1923, *ch.* 137, does not obviate the necessity of specifying definitely the violation or crime of which the defendant is convicted. A suggestion of a proper

form is not to be understood to prescribe the minimum of sufficiency. Proprieties and essentials are not identical.

This is made clear by the court's remark in that case "if the complaint is definite and specific it will suffice if the judgment finds the defendant 'guilty as charged.' "

In the instant case the complaint is specific charging that defendant "did on the 8th day of May, A. D. 1932, on a public highway, in the town of Montclair, in the county of Essex and State of New Jersey, viz., on Bloomfield avenue, said Bloomfield avenue being at the said time and place a public highway in the State of New Jersey, operated a motor vehicle while under the influence of intoxicating liquor." The conviction concludes with the finding "that on the 8th day of May, 1932, said defendant, George Von Geldern, did operate an automobile on Bloomfield avenue in the town of Montclair at about three-five A. M. while under the influence of intoxicating liquor."

This is sufficient.

The motion will be denied.