RUSSELL GORMLEY, BY HIS NEXT FRIEND, NATHAN W. GORMLEY, AND NATHAN GORMLEY, INDIVIDUALLY, PLAINTIFFS-RESPONDENTS, v. RICHARD GASIOROWSKI, DEFENDANT-APPELLANT.

Submitted October 28, 1932—Decided January 31, 1933.

For the appellant, *Green & Green* (*David Green* and *Nelson K. Mintz*, of counsel).

For the respondents, *Feit & Feit* (*Louis J. Feit*, of counsel).

The opinion of the court was delivered by

HEHER, J. Defendant appealed from the judgment of the Essex Circuit Court in favor of plaintiffs, in an action brought to recover compensation for personal injuries sustained by the infant plaintiff as the result, it is alleged, of defendant's negligent operation of an automobile, and for the consequent damages sustained by his father.

There was a verdict in favor of the infant for $250, and in favor of his father for $500. The trial judge allowed the infant plaintiff a rule to show cause why the verdict in his favor should not be set aside in respect of damages only. Defendant obtained a rule to show cause why the verdict as to both plaintiffs should not be set aside on the ground that it was contrary to the weight of the evidence. The trial judge made the infant plaintiff's rule absolute, and granted a new trial as to damages only. He discharged defendant's rule.

At the retrial of the infant's action, defendant moved that the "rule be enlarged so that it be a trial *de novo* on the entire issue." The motion was denied.

There was a verdict for the infant plaintiff of $4,000, which was reduced on defendant's rule to show cause to $2,500. Plaintiff consented to the reduction, and judgment was entered in that sum.

It is now contended that the Circuit Court erred in discharging defendant's rule to show cause, and in making absolute the infant plaintiff's rule in respect of damages only, and in refusing to enlarge the prior order for a new trial to include the entire issue.

The rulings complained of cannot be reviewed on appeal. Rule 131 of the Supreme Court directs that in case a new trial is granted it shall only be a new trial of the question or questions with respect to which the verdict or decision is found to be wrong, if separable. Rule 132 provides that when a new trial is ordered because the damages are excessive or inadequate, and for no other reason, the verdict shall be set aside only in respect of damages, and shall stand good in all other respects.

The exercise of the power conferred by these rules rests in the sound discretion of the court, and the action taken will not be reviewed on appeal. The power of the Circuit Court to finally determine whether or not a new trial shall be granted is one of its constitutional prerogatives which cannot be interfered with even by legislative enactment. *Pariser* v. *Pasteelnick,* 95 *N. J. L.* 260. Appellant insists that such action is appealable if there has been an abuse of discretion (citing *Gaffney* v. *Illingsworth,* 90 *Id.* 490, 493; *Robinson* v. *Payne,* 99 *Id.* 135, 142), and that such was the case here. Assuming that to be the rule, there was no such abuse in any of the rulings complained of.

We find no error in the trial judge's rulings assigned as erroneous, and it therefore follows that the judgment below should be affirmed.

*For affirmance*—THE CHANCELLOR, TRENCHARD, PARKER, LLOYD, CASE, BODINE, DONGES, BROGAN, HEHER, KAYS, HETFIELD, WELLS, KERNEY, JJ. 13.

*For reversal*—None.