HAROLD A. PREISS, PLAINTIFF, v. PUBLIC SERVICE CO-ORDINATED TRANSPORT, EARL TITUS AND CHARLES SCHOTLAND, DEFENDANTS.

Decided June 7, 1933.

For the plaintiff, *Armstrong & Mullen.*

For the defendant Public Service Co-ordinated Transport, *Henry H. Fryling.*

For the defendant Earl Titus, *Carl T. Freggins.*

BROWN, C. C. J. The plaintiff while a passenger in the automobile of the defendant Schotland, sustained personal injuries and obtained a verdict against the three defendants in the sum of $5,000. The defendant Public Service Co-ordinated Transport obtained a rule to show cause why the verdict should not be set aside as being contrary to the weight of the evidence. The testimony of the plaintiff Preiss is very limited as to liability and is to the effect that he was an invitee in Schotland's automobile which is not contradicted. James Bianciella and Michael Leadiere, witnesses called on behalf of the plaintiff testified that they were within a distance of one hundred feet of the alleged collision; that they heard the horn blown and turned and saw the Ford automobile going in the direction of Journal Square on the Hudson boulevard and that "the bus came shooting out of Seaview avenue, at a pretty good rate of speed, shooting right out of Seaview avenue." Bianciella further stated "he never gave

the Ford a chance to get across or anything." The bus kept on going about forty or fifty feet up Seaview avenue. These witnesses stated there was no horn blown except from the Ford automobile. The defendant Schotland stated the bus did not make any stop any place near the intersection. He testified the bus came shooting out with the result that the bus and the Ford reached the intersection at the same time and that he, in an effort to avoid a collision turned slightly to the left and crashed into the right rear of the bus. The defendant Titus who testified as a witness in behalf of the transport company stated that he had fourteen years' experience as a driver; that before crossing the boulevard he made a dead stop, looked north and south, saw the Ford coupe two blocks away; blew his horn and started to cross the boulevard; that he reached the Parkway when the Ford was one block away and at that time the bus was traveling at the rate of ten miles per hour. He again sounded his horn and proceeded across the boulevard and when he was near the easterly curb of the boulevard he again observed the Ford which was about one hundred feet away at which time he tried to speed up the bus; that he proceeded a distance of ten feet after the accident. He testified that he made no observations to the right as he approached the boulevard; that his observation was made after he stopped the bus to ascertain whether or not a car was coming.

George Drake, a witness called on behalf of the defendant transport company as well as Titus, testified that he was a passenger on the bus and he corroborated Titus in his testimony about stopping and looking before entering on the boulevard. He also corroborates Titus in the distance in which the Ford car was proceeding on Seaview avenue at the time the stop was made. He testified that the driver of the bus blew his horn all the way while crossing the boulevard.

The questions of the plaintiff's contributory negligence and the negligence of the defendants were questions for the jury and it is the law of the state that a jury's verdict should never be set aside unless the verdict is *clearly* against the weight of the evidence. For the court to determine that the verdict in this case is contrary to the weight of evidence it would be

necessary to determine that the plaintiff was contributorily negligent and that the defendants were not guilty of negligence which was the proximate and natural cause of the plaintiff's injuries. As to the question of contributory negligence, considering the relationship of the plaintiff to Schotland as being an invitee, on the evidence in the case the jury were fully justified in deciding that the plaintiff was not guilty of contributory negligence. In order for the court to determine that according to the clear weight of evidence the defendants transport company and Titus were not guilty of negligence the court would necessarily be driven to the conclusion that the testimony of the plaintiff and the defendant Schotland and particularly the three young men who testified on behalf of the plaintiff were not telling the truth. Nothing appears in the case that would justify the court in coming to this conclusion. The credibility of the witnesses as well as the reasonable inferences to be drawn from the testimony were matters for the jury's determination. It is within the province of the jury to draw inferences from the testimony and those conclusions should not be set aside by a trial judge unless it clearly appears that the inferences could not reasonably be drawn from the testimony adduced. Mere difference of opinion as to the effect of the weight of evidence is not sufficient to justify the court in setting aside the verdict. The court determines that the verdict of the jury is not contrary to the weight of evidence and not the result of passion, prejudice or mistake. The rule to show cause will be discharged.