JAMES S. RAFFERTY, ADMINISTRATOR AD PROSEQUEN-
DUM OF THE ESTATE OF HENRY L. WILSON, DE-
CEASED, PLAINTIFF, v. PUBLIC SERVICE INTER-
STATE TRANSPORTATION COMPANY; ARTHUR
THOMPSON SHIPLEY, DEFENDANTS.

JAMES J. CURRAN, ADMINISTRATOR AD PROSEQUEN-
DUM OF THE ESTATE OF FREDERICK G. FLEMING,
DECEASED, PAINTIFF, v. PUBLIC SERVICE INTER-
STATE TRANSPORTATION COMPANY, AND ARTHUR
THOMPSON SHIPLEY, DEFENDANTS.

Decided December 4, 1934.

For the plaintiffs, *John J. Rafferly* and *Philip Blacher*.

For the defendant, *Henry H. Fryling*.

CLEARY, S. C. C. This is the defendants' rule to show
cause why two verdicts rendered in favor of the plaintiffs and
against the defendants should not be set aside on the grounds
that the verdicts returned by the jury are illegal.

The cases were tried at the Middlesex Circuit, and involved
the deaths of two people. The suits were started separately,
but for convenience and upon consent of all the parties, the
cases were tried together. In each case, there were two defend-
ants, one, the master and the other the servant. The jury
returned a verdict in favor of the plaintiff in each case and
assessed the damages in one case at twenty thousand dollars
($20,000) against the master, the Public Service Interstate
Transportation Company, and one thousand dollars ($1,000)
against the defendant driver, Arthur Thompson Shipley. In
the other case the verdict was twelve thousand dollars against

the defendant the Public Service Interstate Transportation company, and one thousand dollars ($1,000) against the defendant driver, Arthur Thompson Shipley.

These verdicts are both attacked on the grounds above stated, and the court is asked to set the verdicts aside. The contention of the plaintiff in each case is that although it is admitted that the verdicts, as far as the apportionment of damages is concerned, are illegal, that as far as the question of liability is concerned, the verdicts should stand, and that the rule, if allowed, should be limited to damages only.

In support of this contention, many cases are cited showing that the trial court, on a rule, may limit the new trial to damages only. With this contention, there can be no quarrel as an academic question. The difficulty is in the application of it to a given set of facts. If, in any given case, the damages returned are attacked on the ground of either inadequacy, or excessiveness, the usual question involved is one of mistake, with, in some cases, the added question of passion, or prejudice. If it is merely a question of mistake, the court will correct this, either by an adjustment of the amount, or a new trial as to damages only. If, in a given case, the verdicts seem to be the result of passion or prejudice, while the court may exercise its discretion and limit the new trial to damages only, I do not approve of such action. It seems to me to be inconsistent to say that a verdict rendered by a jury, a part of which is the result of passion or prejudice, should be allowed to stand in part, and set aside in part. It does not seem to me that one can consistently say that a jury allowing itself to be influenced by such motives, could properly pass upon any phase of any given case. This seems to me to be more evident where the question involved is that of the legality of the verdict, which is the question involved in this case. Here the jury, after being instructed by the court upon two separate occasions, arbitrarily and illegally assumes to apportion the damages between two defendants, and in so doing, must have arbitrarily attempted to apportion the degrees of negligence. This, of course, they cannot do, nor can the courts countenance any such attempt by a jury to do so.

The question involved here is not limited to the damages only, to be judged only as to inadequacy, or excessiveness; it involves the question of legality, and an illegal verdict returned by a jury under such circumstances as prevailed in this case, cannot be sustained in any of its parts. This necessarily leads to the conclusion that the rule to show cause should be made absolute, and that a new trial be granted both as to liability, and damages.

The rule will be made absolute.