MICHELE JULIANO, PLAINTIFF, v. EDMUND ABELES, GUS FECHNER, JR. AND FIDELE AMBRUSCIO, DEFENDANTS.

Argued October 3, 1934—Decided March 16, 1935.

Before Justices HEHER and PERSKIE.

For the rule, *Harold Simandl.*

*Contra, Raymond Dawson.*

The opinion of the court was delivered by

HEHER, J. In this action for damages resulting from injuries claimed to have been tortiously inflicted, plaintiff applied for and secured a rule directing defendants to show cause before this court why the verdict in his favor should

not be set aside and a new trial granted upon the ground that the award was grossly inadequate. A like application previously made to the trial judge was denied. 12 *N. J. Mis. R.* 667; 174 *Atl. Rep.* 341.

This application, like the one addressed to the trial judge, invokes a discretionary power of the court. *Supreme Court rules 122 and 123*. The exercise of the power to grant a new trial, whether of the entire issue or in respect of damages only, rests in the sound discretion of the court. *Rossman* v. *Newbon*, 112 *N. J. L.* 261; 170 *Atl. Rep.* 230; *Gormley* v. *Gasiorowski*, 110 *N. J. L.* 287; 164 *Atl. Rep.* 440; *Robinson* v. *Payne*, 99 *N. J. L.* 135; *Gaffney* v. *Illingsworth*, 90 *Id.* 490; *First Caldwell Oil Co.* v. *Hunt*, 100 *Id.* 308, 313. It is the settled rule that a verdict will not be set aside, as against the weight of the evidence, unless the facts and circumstances clearly sustain the inference that it was the result of mistake, passion, prejudice or partiality. *Boesch* v. *Kick*, 97 *Id.* 92; *Queen* v. *Jennings*, 93 *Id.* 353; *Floersch* v. *Donnell*, 82 *Id.* 357. And, in the determination of this question, the conclusion of the trial judge will be accorded due consideration; for he, through observation of the witnesses, may the better judge of their credibility.

It was conceded by defendants' counsel, on the oral argument, that, assuming liability, the award is grossly inadequate compensation for the resultant damage, but it is maintained that it evidences a compromise on the issue of liability, and that, in such circumstances, a new trial of the entire issue should be had, and not one limited to the ascertainment of the quantum of damages. We are in accord with this view.

The injuries sustained by plaintiff were the result of a highway intersection collision between an automobile owned and driven by his employer, Ambruscio, in which he was a passenger, and one owned by the defendant Abeles and operated by the defendant Fechner. When the cause was moved for trial, plaintiff's counsel voluntarily entered a discontinuance as to the defendant Ambruscio, and the trial proceeded against his co-defendants. There was evidence tend-

ing to show negligent conduct by the operators of both vehicles, and the question of whether the negligence of either, or both, was the proximate cause of plaintiff's injuries was peculiarly within the province of the jury. The evidence was sharply in conflict, and we are unable to say, upon a review of the whole case, that it clearly appears that the jury "has settled the question of liability fairly and upon sufficient evidence, so that disassociated from other questions it ought to stand, but that there has been such error in the determination of damages as requires a new trial upon that question." *Robinson* v. *Payne, supra.* As observed by Mr. Justice Trenchard, in that case, the power to confine the new trial to the question of damages is one "which ought to be exercised with caution, with due regard to the rights of both parties, and only in those cases where it is certain that the error which resulted in excessive or inadequate damages did not affect the other issues."

Rule 131 of this court directs that in case a new trial is granted, it shall only be a new trial of the question or questions with respect to which the verdict or decision is found to be wrong, if separable. Rule 132 provides that when a new trial is ordered because the damages are excessive or inadequate, and for no other reason, the verdict shall be set aside only in respect of damages, and shall stand good in all other respects. As pointed out, the exercise of the power conferred by these rules rests in the sound discretion of the court, and the limitation of a new trial to the ascertainment of the quantum of damages will not be ordered unless it clearly appears that the ends of justice will be served thereby. To justify such a limitation, that question must be entirely distinct and separable from the issue of liability; otherwise, such procedure would work a denial of a fundamental right. *Norfolk S. Railroad Co.* v. *Ferebee,* 238 *U. S.* 269; 35 *S. Ct.* 781; 59 *L. Ed.* 1303; *Robinson* v. *Payne, supra.* It must be evident, if that course is to be pursued, that the verdict on the basic issue of liability is not tainted with illegality. The new trial cannot be narrowed to the quantum of damages unless it is plain that the error committed at the trial "was

so limited in character as with justice to both parties to be separable from the other issues determined by the first verdict." *Simmons* v. *Fish,* 210 *Mass.* 563; 97 *N. E. Rep.* 103. See, also, *Southern Pacific Co.* v. *Gastelum,* 36 *Ariz.* 106; 283 *Pac. Rep.* 719; *Waucantuck Mills* v. *Magee Carpet Co.,* 225 *Mass.* 31; 113 *N. E. Rep.* 573; *Gasoline Products Co.* v. *Champlin Refining Co.,* 283 *U. S.* 494; 75 *L. Ed.* 1188; *Murray* v. *Krenz,* 94 *Conn.* 503; 109 *Atl. Rep.* 859; *Yazoo and M. Valley Railroad Co.* v. *Scott,* 108 *Miss.* 871; 67 *So. Rep.* 491; *Holmes* v. *Godwin,* 71 *N. C.* 306; *Parizo* v. *Wilson,* 101 *Vt.* 514; 144 *Atl. Rep.* 856.

It is a corollary of the foregoing that if the case under consideration exhibits a compromise verdict on the fundamental issue of liability, the error taints the whole verdict, and a new trial of the entire issue is required. The law contemplates that juries shall, by discussion, harmonize their views, if possible, but not that they shall "compromise, divide and yield for the mere purpose of an agreement;" otherwise, the disposition would assume the character of a lottery. *Goodsell* v. *Seeley,* 46 *Mich.* 623; 10 *N. W. Rep.* 44. The members of such a body should consider the opinions of their fellows, and "by reasonable concessions reach a conclusion which, although not that originally entertained by any of them, nevertheless may be one to which all can scrupulously adhere;" but the verdict must not represent a "surrender of conscientious convictions upon one material issue by some jurors in return for a relinquishment by others of their like settled opinion upon another issue." *Simmons* v. *Fish, supra.* Such conduct in the jury room is subversive of the basic principles of trial by jury; a verdict resulting from a compromise of this nature is wholly invalid. Granting a new trial as to damages in such circumstances would work grave injustice to the defendant; for it would deprive him of his constitutional right to a determination of the issue of liability by a jury in accordance with established principles.

Here it is reasonably inferable that conscientious beliefs on the merits of the basic issue were unjustifiably conceded in order to bring their deliberations to a close. This issue

was keenly contested; and it is impossible to reconcile the quantum of damages with the conclusion that the question of liability was resolved against the defendant by the conscientious judgment of all the jurors. The comparative degree of culpability is not to be taken into consideration in assessing the damages flowing from negligence. As heretofore pointed out, on the application for a rule to show cause, and is now conceded by defendant's counsel, the award is so grossly disproportionate to the damage sustained that it clearly bespeaks unreasonable, and therefore unwarranted, concessions by the jury to afford some recompense to the plaintiff, or by some of the jurors in order to conclude their deliberations with a verdict. In the exercise of this discretionary power, it should always be borne in mind that the factual findings of the trial judge on the basic issue of negligence, where the evidence is in conflict, is not a constitutional substitute for the verdict of the jury, where that mode of trial is invoked. Compare *Louis Kamm, Inc.,* v. *Flink,* 113 *N. J. L.* 582. The instant case is of a type—a highway intersection collision, where the joint negligence of both actors ofttimes produces the injury, and where their culpability is almost invariably a jury question—that lends itself to sharp conflict of view, and therefore offers to the triers of the facts the temptation to terminate the issue by a conclusion that does not represent their conscientious judgment. In the final analysis, the power invoked should be exercised reasonably and cautiously to promote the ends of justice in the individual case; this limitation upon the retrial of the issue should not be imposed unless it is clear that the objecting party will not thereby be deprived of his constitutional right.

It may well be that the particular circumstances of a given case will justify in the exercise of a sound discretion, the denial of the plaintiff's application for a new trial where the award is inadequate; but the proofs here disclose no reason why the rendered verdict should stand.

Upon the assumption that liability had been legally established the rule herein was expressly narrowed to the issue of

damages and plaintiff maintains that, in such a situation, the new trial, if one should be awarded, must be so limited— relying upon *Stoll* v. *Schantz*, 6 *N. J. Mis. R.* 1046; *Gyorfy* v. *Levy*, 1 *Id.* 157. The opinion did not so limit the inquiry; and it is clear that the provision in question was inserted in the formal rule by inadvertence. The power of this court to enlarge or broaden the rule is not open to question. Moreover, it cannot be doubted that this court may, notwithstanding such a limitation, direct a new trial of the entire issue, when such a course is imperative if the ends of justice are to be served. The sole valid objection to such a course is procedural in character. It may well be said that, when the rule is so framed, the parties are not called upon to present the issue of liability; but here that issue has been presented on this application to make the rule absolute, as well as upon the application for the rule.

It follows that a new trial of the whole issue should be had, and an order may be entered accordingly.