MONMOUTH COUNTY CIRCUIT COURT.

EDWARD W. WALDER, PLAINTIFF, v. DR. DAVID D. MANAHAN AND DR. JOEL FELDMAN, DEFENDANTS.

Decided December 14, 1942.

For the plaintiff, *Andrew O. Wittreich.*

For the defendants, *Durand, Ivins & Carton (J. Victor Carton)* and *Quinn & Doremus (John J. Quinn).*

1

KINKEAD, C. C. J. The defendants seek to set aside a verdict of $20,000 awarded by a jury to the plaintiff after a six-day trial in the Monmouth Circuit Court at Freehold, on three grounds, the first ground being that the verdict in the form in which it was returned by the jury was illegal. The jury's verdict was rendered as follows: "We find in favor of the plaintiff and against the defendants in the sum of $20,000; $10,000 against each defendant."

The suit was based on a claim by the plaintiff that the two defendants, who are medical doctors, illegally committed the plaintiff on April 22d, 1941, to the New Jersey State Hospital for the Insane at Marlboro, New Jersey.

The complaint contained nine counts. The first three counts, charging the defendants with conspiracy, were not submitted to the jury because the court directed a verdict in favor of the defendants on these three counts. Of the remaining six counts, three were based on malicious prosecution or malicious abuse of process, and three counts were based on false imprisonment. The fourth and fifth counts charged the defendants individually with malicious prosecution. The sixth count charged the defendants jointly with malicious prosecution. The seventh and eighth counts charged the defendants individually with false imprisonment. The ninth count charged the defendants jointly with false imprisonment.

The evidence disclosed that the plaintiff's wife and daughters concluded in April, 1941, that the plaintiff was mentally ill, and that something should be done about his illness. They proceeded to have the plaintiff committed to an institution in conformity with the provisions of *R. S.* 30:4-37; *N. J. S. A.* 30:4-37. The certificates of two physicians, certifying to the insanity of the patient, had to be attached to the application for commitment. The defendants each signed one of these certificates, certifying to the insanity of the plaintiff, and each defendant certified that he had made a personal examination of the plaintiff on April 22d, 1941.

The defendants contend that the plaintiff charged them with being joint *tort feasors,* and that the attempt by the jury to apportion the damages among joint *tort feasors* was

illegal and contrary to law. The first point to be determined, therefore, is whether or not the defendants were joint *tort feasors*.

The court instructed the jury in effect that any verdict in favor of the plaintiff did not necessarily have to be returned against both defendants; that the jury should only find against such defendant, if either, whom it conceived had acted without reasonable or probable cause in committing the plaintiff to Marlboro. By finding against both defendants, it is apparent that the jury determined that each defendant had failed in the duty which he owed to the plaintiff. The defendants are, therefore, joint *tort feasors*.

If two or more persons owe to another the same duty and by their common neglect of that duty one is injured, the tort is joint and each, any or all of the *tort feasors* are liable. If the negligence of the *tort feasors* was without concert, but such several neglects, nevertheless, concurred and united together in causing injury, the tort is equally joint, and the *tort feasors* are subject to a like liability. *Daly* v. *Singac Auto Supply Co.*, 103 *N. J. L.* 416; 135 *Atl. Rep.* 868; *Matthews* v. *Delaware, Lackawanna and Western Railroad Co.*, 56 *N. J. L.* 34; 27 *Atl. Rep.* 919.

The general rule as to the right of a jury to apportion damages among joint *tort feasors* is set forth in 64 *Corp. Jur.* 1084 as follows: "In the absence of a statute to the contrary, damages cannot be apportioned among joint *tort feasors,* for the sole inquiry open is what damages plaintiff has sustained, not who ought to pay them. Discrimination according to the relative enormity of the acts of each is not permitted."

The only New Jersey case in point is *Ross* v. *Pennsylvania Railroad Co.*, 5 *N. J. Mis. R.* 811; 138 *Atl. Rep.* 383. The *postea* in that case set forth the verdict as follows: "The jury rendered a general verdict in favor of the plaintiff and against the defendants, Pennsylvania Railroad Company and Calvin W. Steelman, and assessed the damages at the Circuit to Daniel Ross, administrator, the sum of $16,000 against the Pennsylvania Railroad Company; and to Daniel Ross, administrator, the sum of $16,000 against Calvin W. Steel-

man." The matter was argued before Chief Justice Gummere and Mr. Justice Minturn, who held (at *p.* 813) : "In the absence of anything even suggestive of a different purpose on the part of the jury, we must accept its statement as indicating it; namely, to apportion the damages between the two joint wrongdoers. This, as has already been said, being without legal justification, the rule to show cause must be made absolute."

Despite the numerous authorities from other states cited on behalf of the plaintiff, sustaining a verdict in the form in which it was rendered by the jury in the instant case, *Ross* v. *Pennsylvania Railroad Co., supra,* must be considered to be the authority on this proposition until the Court of Errors and Appeals rules to the contrary.

The second ground on which the defendants seek to set the verdict aside is that it was contrary to the weight of the evidence. The plaintiff, testifying on his own behalf, made a very convincing witness. He asserted that neither of the defendants had examined him on April 22d, 1941, the day of his commitment, as each defendant had certified; that Dr. Manahan, who was the family physician, had not treated him for a considerable period of time prior to April 22d, 1941, and that Dr. Feldman had only treated him once, for a heart attack, during the winter of 1941, on an occasion when it was impossible for Dr. Manahan to take care of the call.

The plaintiff contended that he was absolutely sane on April 22d, 1941; that each of the defendants had committed him to Marlboro without reasonable or probable cause; that Dr. Gordon, who was in charge of the medical staff at Marlboro quickly concluded that the plaintiff was sane; and that Dr. Gordon's opinion was sustained when the plaintiff was examined by the entire staff several days later.

The plaintiff's testimony was all the more impressive, because he frankly admitted that on numerous occasions he was at fault in his relationship with his wife and family. It quickly became apparent that, while the plaintiff was a quick-tempered individual, and undoubtedly at times irascible and moody, that he was nevertheless sane and normal. The ver-

dict of the jury was clearly not against the weight of the evidence.

The third ground, on which the defendants seek to set the verdict aside, is that it was excessive and contrary to the charge of the court. The verdict was not contrary to the charge of the court except in the apportionment of the damages among the defendants. The court does not deem it necessary to rule on the question of excessiveness in deciding this motion.

The verdict must be set aside because of the illegal form in which it was rendered, but in doing so, the court must determine whether or not the illegality is separable.

Supreme Court rule 131 directs that in case a new trial is granted it shall only be a new trial of the question or questions with respect to which the verdict or decision is found to be wrong, if separable.

The exercise of the power conferred by this rule rests in the sound discretion of the trial court. *Gormley* v. *Gasiorowski,* 110 *N. J. L.* 287; 164 *Atl. Rep.* 440; *Juliano* v. *Abeles,* 114 *N. J. L.* 510; 177 *Atl. Rep.* 666; *Rossman* v. *Newbon,* 112 *N. J. L.* 261; 170 *Atl. Rep.* 230.

In the case *sub judice,* the question of the liability of the defendants was fairly submitted to and decided by the jury. There was ample evidence to sustain the verdict in favor of the plaintiff. It would therefore be a miscarriage of justice, merely because of the illegal form of the verdict, to require the plaintiff to go to the burden and expense of submitting his entire proofs to a second jury.

The verdict in its illegal form is clearly separable from the issues which the jury decided. Therefore a new trial should be had as to damages only, and an order may be entered accordingly.