Ernest A. Atherton

*vs.*

Fayette Crandlemire et al.

Penobscot.   Opinion, July 12, 1943.

*Edward Stern,*

*Atherton & Atherton,* for the plaintiff.

*Fellows & Fellows,* for the defendants.

SITTING: STURGIS, C. J. THAXTER, HUDSON, MANSER, MURCHIE, CHAPMAN, JJ.

MURCHIE, J. In the Trial Court the plaintiff herein recovered a verdict against two defendants as joint *tort feasors,* wherein damages were assessed at the sum of $800. It is entirely clear under the law in this State that each wrongdoer is liable for the whole amount of damage resulting from separate negligent acts which operate together to cause damage to another, although the party injured can have but one satisfaction, *Stuart* v. *Chapman,* 104 Me., 17, 70 A., 1069.

The case comes to this Court on a general motion filed by the defendant Crandlemire alone, and although no exception was noted in connection with the action, reliance in argument is based not only upon the usual allegations of such a

motion, but on the fact that the verdict returned by the jury carried the statement "$400.00 each" immediately following the assessment of the damage.

Plaintiff's damage resulted directly from a collision between a motor vehicle owned and operated by him and one owned and operated by the defendant Crandlemire approaching each other to meet and pass upon a highway, but the act of the defendant Gagnon in driving a motor vehicle from a private driveway into the path of the plaintiff, which forced the latter to sheer his car to the left and partly across the center line of the road he was traveling where the collision with the defendant Crandlemire occurred, must have been found by the jury to be a part of the proximate cause of the accident.

The verdict cannot be set aside on the general motion, either on the issue of liability or on the basis that the damages assessed are excessive. It is established law that when the operator of a motor vehicle comes into collision with another on the left of the middle of the traveled portion of the highway, contrary to the express provisions of R. S. (1930), Chap. 29, Sec. 2, his position constitutes evidence of negligence which, unexplained, will preclude him from recovery for any damage suffered, *Bragdon* v. *Kellogg*, 118 Me., 42, 105 A., 433, 6 A. L. R., 669. The evidence presented to the jury, so far as eye-witnesses to the accident are concerned, came exclusively from the parties and from the wife of the defendant Crandlemire, who was riding with him at the time of the accident. That evidence presents very sharply conflicting issues of fact as to the speed of the Crandlemire car, the space available for him to have turned that car farther to his right hand side of the road, and the exact place of the collision with reference to the vehicle of the defendant Gagnon, which did not come into contact with either of the other cars. It should perhaps be noted that the defendant Gagnon in his testimony made repeated reference to a curve or curves in the highway and stated that the

plaintiff Atherton was trying to overtake and pass him on a curve when the impact occurred, but all other eye-witnesses to the accident, and the State Highway Police officer who investigated it, are in agreement that the road was straight and that all the drivers had a clear view for several hundred feet each way from the place where the collision occurred. No exceptions having been taken to the charge given to the jury, or to any refusal of specific requests in that regard, it must be assumed that proper instruction was given on the applicable law, *Frye* v. *Kenney*, 136 Me., 112, 3 A(2d), 433, and that the jurors as triers of the fact accepted the testimony given by the plaintiff on these issues as true and rejected that offered by and on behalf of the defendants; that they determined as facts that both defendants were negligent and that plaintiff, notwithstanding his position in the center of the road, was not. The law is too thoroughly established to require the citation of authority that under such circumstances a jury verdict on the issue of liability should not be disturbed.

The money figure fixed by the jury must be considered as awarding $525 for pain and suffering and $275 for property damage, since the plaintiff's testimony that his totally wrecked car was worth $300 prior to the accident and represented only $25 of junk value immediately thereafter was not disputed in the evidence. In the measurement of such damage "much must be left to the good judgment of a jury," *Bouchard* v. *Canadian National Railways et al.*, 138 Me., 228, 23 A (2d), 820, and while the amount may seem large in view of the fact that the plaintiff felt no need of medical care except for a single call on a physician shortly after the accident, there is nothing in the record to justify belief that the jurors were influenced by bias, prejudice or other improper motive and no justification for this Court to substitute its judgment for that of the tribunal which heard the plaintiff testify and had the opportunity to observe his condition fourteen months after the injuries were suffered.

This leaves for consideration the question whether the verdict should be disturbed because of the language already quoted which shows that the jurors attempted to apportion the damages between the two defendants. On this issue our action must be controlled by the decision in *Currier* v. *Swan et al.*, 63 Me., 323. In that case, which was trespass *quare clausum* against four defendants, the jury returned a general verdict against all and with it a separate paper, signed by the foreman, assessing damages at $5 against one of the defendants and at $25 against each of the other three. This separate paper, like the verdict, was received and affirmed. The case was carried to this Court on general motion and on an exception relating to the attempted apportionment by the jury of the damages assessed. The Court, speaking through Mr. Justice Peters (later Chief Justice), declared:

> "The jury undoubtedly undertook to apportion among the defendants what part of the verdict each of them, as between themselves, should pay. This amounted only to a recommendation. If it was intended as anything else, it is merely surplusage, and is to be rejected as irregular and void. The general verdict must stand."

Counsel for defendant cites us to *Walder* v. *Manahan et al.*, 29 A (2d), 395, 21 N. J. Misc., 1, which held a verdict for "$20,000; $10,000 against each defendant" illegal in form. This New Jersey case, reported from the Circuit Court, was decided on the authority of *Ross* v. *Pennsylvania Railroad Co. et al.*, 138 A., 383, 5 N. J. Misc., 811, which involved a verdict of $16,000 against each of two defendants, with nothing to indicate whether it purported to find damage of $16,000 or of that $32,000 which would be the total of the two named amounts. In the *Walder* case, Judge Kinkead declared that the *Ross* case must control "until the Court of Errors and Appeals rules to the contrary."

There seems to be no necessity in the present case for this

Court to pass upon the question as to whether an irregularity in the rendering of a verdict might be considered on general motion, there being no exception before us, since within the rule declared in *Currier* v. *Swan et al.*, supra, the extraneous matter must be considered as surplusage and disregarded.

*Motion overruled.*