OCIE GILBERT, A MINOR, BY HER FATHER AND NEXT FRIEND, WILBERT C. GILBERT, AND WILBERT C. GILBERT, IN HIS OWN RIGHT, PLAINTIFFS, v. MILTON L. LAHN, ELTON COLLINS AND FRANK ROSELLO, JOINTLY, SEVERALLY AND IN THE ALTERNATIVE, DEFENDANTS.

RUBY BOOTHE, PLAINTIFF, v. MILTON L. LAHN, ELTON COLLINS AND FRANK ROSELLO, JOINTLY, SEVERALLY AND IN THE ALTERNATIVE, DEFENDANTS.

FRANCIS ZINNIE, PLAINTIFF, v. MILTON L. LAHN, ELTON COLLINS AND FRANK ROSELLO, JOINTLY, SEVERALLY AND IN THE ALTERNATIVE, DEFENDANTS.

Decided October 14, 1946.

For the plaintiffs, *Horace G. Brown.*

For the defendant Milton L. Lahn, *Bennett Clark.*

For the defendant Elton Collins, *Stanger & Howell.*

EASTWOOD, C. C. J. The application for a rule to show cause why a new trial should not be granted in the above causes (consolidated for trial) arises out of verdicts in favor of all of the plaintiffs against the defendant Frank Rosello, at the Cumberland County Circuit. Parenthetically, it may

be stated that in so far as the plaintiffs Ocie Gilbert and Ruby Boothe are concerned, this was the second trial of the cause on all issues. At the previous trial the jury found a verdict in favor of these plaintiffs and against all of the defendants. It was the first trial for the plaintiff Francis Zinnie. In the trial under review the jury found in favor of all of the plaintiffs against the defendant Frank Rosello and returned a verdict of "no cause of action" in favor of the defendants Milton L. Lahn and Elton Collins.

I am now importuned by the several plaintiffs to grant new trials on the questions of both liability and damages, it being insisted on their part that the verdicts were grossly inadequate under the testimony of the witnesses and were against the weight of the evidence. On the other hand, it is maintained by the defendants Lahn and Collins that the verdicts were proper and should stand.

While, on appeal the higher court is restricted to errors of law to which due exception has been taken by counsel in the proceedings below, the review on a rule to show cause why the verdict should not be set aside, either by the trial judge or by the Supreme Court, covers a very broad field. The court in such a case views its own proceedings critically, for the purpose of discovering whether such an injustice has been done to the party aggrieved as will justify the granting of a new trial. Controverted questions of fact are scrutinized. The weight of the evidence and the propriety of the damages given by the jury are weighed by the court. The entire conduct of the trial including the behavior of the counsel and of the jury is subject to the scrutiny of the court.

On a rule to show cause the court or judge may set a verdict aside on the ground that it is against the weight of the evidence. In this respect, it may be noted that the mere number of witnesses supporting the one side or the other is not determinative of the weight of the evidence. *Preiss* v. *Public Service Co.*, 11 *N. J. Mis. R.* 426; 166 *Atl. Rep.* 628; *Floersch* v. *Donnell*, 82 *N. J. L.* 357; 82 *Atl. Rep.* 733. The jury has a right to consider the credibility of witnesses both quantitatively and qualitatively. A difficult question always confronts a court in passing upon the weight of the evidence.

The constitution has vested in the jury the right to decide upon the weight of conflicting testimony and it is not within the province of the court to usurp this exclusive function of the jury, even though in the opinion of the court the jury ought to have arrived at a different conclusion than it did, or that the court, if it had been acting as a jury, would have decided the issue differently. The rule of law applicable to the question before us may be stated to be to the effect that "the verdict must be so clearly against the weight of the evidence as to give rise to an inference that it was the result of mistake, passion or prejudice."

The cases at bar have been ably presented by counsel for the respective parties, commencing on May 1st, 1946, and continuing until May 10th, 1946. I venture to say that no phase of the situation prevailing at the time of the collision between the automobile of the defendant Rosello and the tractor and trailer owned by the defendant Lahn and operated by his servant and agent, the defendant Elton Collins, escaped the scrutiny and probing of counsel. There is no question but that the several plaintiffs suffered severe injuries as a result of the accident and the question of the liability of the three defendants to respond therefor was the principal issue requiring the jury's consideration. These questions, as previously stated, were resolved, both as to damages and liability, in favor of all of the plaintiffs against the defendant Frank Rosello alone. It is proper to observe at this point that the amount of the damages awarded by the jury to the several plaintiffs was, in the opinion of the court, totally inadequate, the same being in each instance for sums less than the out of pocket expenses suffered by the plaintiffs, which amounts were not seriously controverted by the defendants. Damages awarded must be consonant with the testimony and the law as charged by the court. *Rubel* v. *Weiss,* 7 *N. J. Mis. R.* 447; 146 *Atl. Rep.* 42. If the further question of liability on the part of the several defendants was not involved, this court would grant a new trial on the question of damages alone without further comment.

It is urged by counsel for the defendants Lahn and Collins that the rule should be discharged as to them since the jury

found liability solely on the part of the defendant Rosello, and the verdict was wrong, if it is wrong, only in so far as damages are concerned, relying on Supreme Court rule 131, *N. J. S. A. tit.* 2, which reads as follows:

"In case a new trial is granted it shall only be a new trial of the question or questions with respect to which the verdict or decision is found to be wrong, if separable."

The power to grant new trials as to damages only should be exercised by the court with caution and with due regard to the rights of both parties, and only in those cases where the error which resulted in excessive or inadequate damages did not affect the other issues. *Kimble* v. *Degenring,* 116 *N. J. L.* 602; 186 *Atl. Rep.* 451. After thoroughly reviewing the evidence adduced at the trial, the arguments of counsel and the substantial and thorough briefs submitted, I am persuaded that the verdicts in favor of the plaintiffs against the defendant Frank Rosello alone are against the weight of the evidence and give rise to an inference that they were the result of mistake, passion or prejudice. I am further of the opinion that the verdicts in question arise from mistake, passion or prejudice of such a nature that they affect not only the question of damages, but also the validity of other phases of the case. In such a situation a new trial should not be limited solely to the question of damages. *Rafferty* v. *Public Service Corp.,* 13 *N. J. Mis. R.* 80; 177 *Atl. Rep.* 357. I am further constrained to hold that the question of liability on the part of the several defendants is so interwoven and co-related as not to fall within the prohibition of Supreme Court rule 131, above cited, not being susceptible of separation. Such determination lies within the court's discretion. *Drotar* v. *Pennsylvania Railroad Co.,* 120 *N. J. L.* 199; 199 *Atl. Rep.* 75.

It follows that a new trial of the whole issue should be had. The rule will be made absolute. Counsel may present an appropriate order.