JOHN STALTER, PLAINTIFF-APPELLEE, v. WILLIAM SCHUYLER, DEFENDANT-APPELLANT.

Submitted October 1, 1946—Decided February 18, 1947.

Before Justices PARKER, DONGES and EASTWOOD.

For the plaintiff-appellee, *Matthews & James* (*Raymond C. Matthews,* of counsel).

For the defendant-appellant, *Paul Colvin.*

The opinion of the court was delivered by

EASTWOOD, J.  This is an automobile negligence case.  By stipulation of counsel the damages to plaintiff-appellee's automobile were fixed at $432.12, and the damages to the defendant-appellant's automobile at $225.  The evidence presented in the trial below as to liability was in sharp conflict.  That being so, the court properly submitted the questions of fact to the jury for determination.  The jury retired for its deliberations with the stipulation of the parties as to damages, and returned with a verdict of $300 in favor of the plaintiff and against the defendant.  A conversation thereupon ensued between counsel for the plaintiff and the sergeant-at-arms of the court, in the presence of the jury, during which counsel for the plaintiff informed the sergeant-at-arms that the verdict was unsatisfactory, and that the jury should return a verdict for the stipulated damages or none at all.  The jury again retired and returned the same verdict for $300 in favor of the plaintiff and against the defendant.  The

plaintiff moved to set aside the verdict and have judgment entered in accordance with the stipulation as to damages; or in the alternative a new trial as to damages only. The defendant, on the argument of the motion of the plaintiff, moved to set aside the verdict and have a new trial as to both damages and liability. At the conclusion of the argument the court below requested briefs and reserved decision. The court below thereafter set aside the verdict and entered judgment in favor of the plaintiff for the stipulated damages of $432.12. Hence, the present appeal.

We have carefully considered the proceedings below and conclude that the court fell into reversible error in setting aside the verdict of the jury and entering a verdict in favor of the plaintiff in the amount of $432.12.

The verdict of the jury in favor of the plaintiff in the amount of $300 in disregard of the clear instruction of the court that the damages of the plaintiff had been stipulated at $432.12, and the bringing in of the same verdict for $300 following the colloquy between plaintiff's counsel and the sergeant-at-arms, makes it apparent that the jury returned a compromise verdict on the fundamental issue of liability. We find that the verdict of $300 constituted a decision on the part of the jury to compromise the issue of liability. It was, therefore, improper for the court to set aside the verdict of $300 and enter a judgment for the stipulated sum of $432.12.

We held in *Juliano* v. *Abeles et al.*, 114 *N. J. L.* 510; 177 *Atl. Rep.* 666, that where a case exhibits a compromise verdict on the fundamental issue of liability, the error taints the whole verdict, and a new trial of the entire issue is required. Quoting from the opinion in that case, "Here it is reasonably inferable that conscientious beliefs on the merits of the basic issue (*i. e.*, liability) were unjustifiably conceded in order to bring their deliberations to a close. This issue was keenly contested; and it is impossible to reconcile the *quantum* of damages with the conclusion that the question of liability was resolved against the defendant by the conscientious judgment of all the jurors. The comparative degree of culpability is not to be taken into consideration in assessing the damages

flowing from negligence." That language is particularly applicable to the case at bar.

The judgment below is set aside with the direction that a *venire de novo* be awarded on all the issues.