14 N.J. Super. 9 (1951)
81 A.2d 178
MARION E. JUSTICE, VERNA M. THOMSON AND LODAY W. ORCUTT, PLAINTIFFS-APPELLANTS,
v.
FRANK WEISE, DEFENDANT-RESPONDENT. ANNA E. PARKER, PLAINTIFF-APPELLANT,
v.
FRANK WEISE AND MARION E. JUSTICE, JOINTLY, SEVERALLY, OR IN THE ALTERNATIVE, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued April 30, 1951.
Decided May 18, 1951.
*11 Before Judges FREUND, DONGES and PROCTOR.
Mr. Carl Kisselman argued the cause for the appellants, Marion E. Justice, Verna M. Thomson and Loday W. Orcutt (Mr. Bruce A. Wallace, attorney).
Mr. Walter S. Keown, attorney for and of counsel with appellant, Anna E. Parker.
Mr. Sidney P. McCord, Jr., argued the cause for the respondent, Frank Weise (Messrs. Starr, Summerill & Davis, attorneys).
Mr. Carl Kisselman argued the cause for the respondent, Marion E. Justice (Mr. Bruce A. Wallace, attorney).
The opinion of the court was delivered by PROCTOR, J.S.C.
These appeals are from two actions arising out of a collision at the intersection of Market Street and Broadway in Gloucester City, Camden County, between the automobiles owned and operated by plaintiff, Marion E. *12 Justice, and defendant, Frank Weise, respectively. In the first action, Mrs. Justice sued Weise for damages to her automobile and for personal injuries. In the same action, plaintiffs, Thomson and Orcutt, occupants of the Justice automobile, sued Weise for damages for personal injuries. Weise counterclaimed against Justice for the damages to his automobile. In the second action, plaintiff, Anna Parker, an occupant in the Weise automobile, sued Weise and Justice, jointly and severally, for damages for her injuries.
In the Justice, et als., action, it was agreed in the pretrial order that the following could be testified to without objection: As to Marion Justice, automobile damage $760.97, medical expenses $8; as to Thomson, medical expenses $60.50; as to Orcutt, medical expenses $24.
The actions were consolidated and tried together. Testimony as to the respective elements of damage mentioned in the pretrial order was introduced without objection and without contradiction. There was also uncontroverted testimony that Thomson incurred additional medical expenses, subsequent to the pretrial order, making her total medical expenses $115.50. Further, there was undisputed testimony that Thomson suffered painful injuries which continued up to the time of trial, a period of 17 months, and that Orcutt suffered pain which persisted for four weeks after the accident. The damage to the Justice automobile was stipulated at $760.97. The court in charging the jury stated that these elements of damage should be included in their verdict in the event they found in favor of the above-named plaintiffs.
The jury returned verdicts against Weise in the following amounts: $8 for Justice; $115.50 for Thomson; $24 for Orcutt. A verdict of "no cause for action" was returned on Weise's counterclaim. In the companion case, the jury returned a verdict in favor of Mrs. Parker for $5,000 against Weise and "no cause for action" as to the co-defendant Justice.
The plaintiffs, Justice, Thomson and Orcutt, moved for a new trial as to damages only, or, in the alternative, as to all *13 issues. Mrs. Parker moved for a new trial, limited to damages as to Weise, and for a new trial as to Justice. All motions were denied, and it is from these rulings of the trial judge that the plaintiffs in the two actions appeal.
The plaintiffs, Justice, Thomson and Orcutt, contend that the trial court erred in denying a new trial, asserting that the damages awarded by the jury were grossly inadequate and contrary to the stipulated property damage, the undisputed testimony and the charge of the court.
It is apparent that the damages awarded by the jury were totally inadequate. In each instance, the verdict was for sums equal only to the admitted medical expenses of the plaintiffs. Contrary to the charge of the court, no allowance was made for pain and suffering nor for the stipulated damage to the Justice automobile. Damages awarded must be consonant with the testimony and the law as charged by the court. Gilbert v. Lahn, 24 N.J. Misc. 336, 339 (Sup. Ct. 1946); Rubel v. Weiss, 7 N.J. Misc. 447 (Sup. Ct. 1929). See also Palestroni v. Jacobs, 10 N.J. Super. 266, 271 (App. Div. 1950).
We think that the verdicts were palpably products of a mistake on the part of the jury and must be set aside.
The next inquiry is whether a new trial should be limited to damages or should be on all the issues involved. The evidence was in sharp conflict as to where the responsibility lay for the collision. Upon our review of the record, we are unable to say that it clearly appears that the jury "has settled the question of liability fairly and upon sufficient evidence, so that, disassociated from other questions, it ought to stand; but that there has been such error in the determination of damages as requires a new trial upon that question." Robinson v. Payne, 99 N.J.L. 135, 142 (E. & A. 1923).
In Esposito v. Lazar, 2 N.J. 257, 260 (1949), the court said: "The limitation of a new trial to the ascertainment of the quantum of damages will not be ordered unless it clearly appears that the ends of justice will be served thereby. To justify such a limitation, that question must be entirely distinct *14 and separable from the issue of liability; otherwise, such procedure would work a denial of a fundamental right."
The instant case presents a typical intersection collision where the negligence of one or the other, or both operators, generally produces the injury and where the question of culpability is usually for the jury. Where the evidence, as here, is in such sharp conflict, it offers the jury the temptation to reach a conclusion that does not represent their conscientious judgment. The language of Justice Heher in Juliano v. Abeles, 114 N.J.L. 510, 513, 514 (Sup. Ct. 1935), an analagous case, is appropriate:
"This issue was keenly contested; and it is impossible to reconcile the quantum of damages with the conclusion that the question of liability was received against the defendant by the conscientious judgment of all the jurors.

* * * * * * * *
It may well be that the particular circumstances of a given case will justify in the exercise of a sound discretion, the denial of the plaintiff's application for a new trial where the award is inadequate; but the proofs here disclose no reason why the rendered verdict should stand."
See also Elvin v. Public Service Coordinated Transport, 4 N.J. Super. 491 (App. Div. 1949); Stalter v. Schuyler, 135 N.J.L. 228 (Sup. Ct. 1947). On a retrial, the issue should not be limited to damages unless it is clear that the question of damages is entirely distinct and separable from the issue of liability. The smallness of the verdicts gives rise to a serious suspicion that the jury had doubts of the defendant Weise's liability, which prompted a reduction in the amount of damages. It is reasonably inferable that the verdicts were the result of a compromise and, therefore, invalid under the principles declared in Esposito v. Lazar, supra, and Juliano v. Abeles, supra.
Mrs. Parker in her appeal contends that the verdict in her action was contrary to the weight of evidence in that the proofs clearly showed that Justice, as well as Weise, was negligent. As noted above, the actions were consolidated and tried as one case. We have already indicated that the determination *15 of the basic issue of liability was compromised by the jury, which compromise was reflected in the damages awarded. The question of liability on the part of Justice is so interwoven and correlated with the question of liability on the part of Weise that it is not susceptible of separation under Rule 3:59-1. A new trial should be granted against Justice. Gilbert v. Lahn, supra.
Mrs. Parker further urges that the verdict in her favor against Weise was grossly inadequate. Her injuries were substantial; her out-of-pocket expenses, up to the time of the trial, were over $3,800. She lost her employment and, because of her injuries, was still unable to work at the time of the trial. Her salary had been $35 a week. In Mrs. Parker's appeal as to Weise, we think that the compromise on the issue of Weise's liability, which resulted in the verdicts in the actions of Justice, Thomson and Orcutt, influenced the amount of the verdict for Mrs. Parker against Weise. Though she asked for a new trial limited to damages as against Weise, we think that the ends of justice will best be served by a new trial against him as to all issues. See Juliano v. Abeles, supra, at 515.
The judgments are reversed, and the actions remanded for a trial de novo on all the issues. Costs to abide the event.