THE KNICKERBOCKER ICE COMPANY v. DAVID ANDERSON.

In a conflict of testimony, when the facts found by the jury will sustain the verdict, the court will not set it aside, although in their opinion the jury might, upon the evidence, have found otherwise.

---

On rule to show cause why verdict should not be set aside.

The plaintiff claimed payment for a large quantity of ice sold and delivered to the defendant.

On the trial of the issue it appeared that the plaintiff's right to recover depended on the manner of sale. If the sale was by the ton, he was entitled to a verdict, otherwise not. There was evidence on both sides, and the jury rendered a verdict for the defendant. Whereupon the court granted a rule to show cause why there should not be a new trial.

For the plaintiff, *Parker & Keasbey.*

For the defendant, *Theo. Runyon.*

The opinion of the court was delivered by

HAINES, J. This action was brought for the price of large quantities of ice sold and delivered by the plaintiff to the defendant. The question was, whether it was sold by the ton or by the cargo. If by the ton, there was a balance due to the plaintiff; if by the cargo, all was paid for.

On the part of the plaintiff two witnesses testified that in June, 1859, they contracted to deliver the ice for two dollars and fifty cents per ton, and that they were to estimate the capacity of the barge at forty tons until they could find time to weigh the ice. That they did not find it convenient to weigh until September, 1860, when the barge was found to have capacity for $54\frac{1250}{2000}$ tons. It did not appear that the defendant, or any one representing him, was present at the weighing.

On the other side, the defendant testified that he bought by the cargo; that every season he made a new agreement with the plaintiff for ice by the cargo and never by the ton; that he never agreed to pay by the ton; that there was no understanding that they were to estimate the contents of the boat at forty tons till they could ascertain the true weight; that they never weighed or measured any for him; but that he bought and paid for it by the cargo. In corroboration of the defendant, the account first rendered to him, which, although it contained charges of the ice in pounds, yet made the number of pounds charged to coincide generally with the contents of the barge at forty tons. The receipts for moneys paid were, some generally for ice; some on account; one for a cargo of ice; one for a barge load of ice; and one of July 12th, 1859, for ice in full to date.

There was a conflict of testimony upon the principal question in the cause. It was a question of fact peculiarly within the province of the jury to settle.

They settled it in favor of the defendant, and I cannot say that the verdict was contrary to or against the weight of evidence, or against any principle of law, or that the court should interfere with it.

In a conflict of testimony, where the facts found by the jury will sustain the verdict, the court should not set it aside ; although in its opinion the jury might, upon the evidence, have found otherwise.

Motion for new trial denied.

