CATHERINE SMITH v. P. LORILLARD COMPANY.

Argued June 5, 1901—Decided February 24, 1902.

1. A verdict that rests upon inferences, such as juries are permitted to draw, is normally conclusive.
2. Testimony as to the grave and lasting character of the plaintiff's injuries, if explicit and credible, will support a substantial verdict.

On rule to show cause.

Before DEPUE, CHIEF JUSTICE, and Justices DIXON, GARRISON and COLLINS.

For the plaintiff, *Warren Dixon.*

For the defendant, *Brinkerhoff & Fielder.*

The opinion of the court was delivered by

GARRISON, J. The plaintiff, a woman employed in the defendant's factory, was injured by the breaking of the shaft of the machine at which she was working. There was a verdict for the plaintiff. A rule to show cause having been allowed, it is now contended by the defendant that there was no state of facts upon which this verdict may rest. There was ample testimony that the shaft broke where there had been an old crack in it which was hid from view by the coming together of the eccentric and the bearing-box when the machine was set up for operation. How long the crack had been there was a subject for inference. The plaintiff was not permitted by the trial court to go to the jury upon the question of the defendant's failure to detect this crack so long as the operation of the machine gave no indication that would have led a prudent master to suspect its presence. The plaintiff was also prohibited from resting her case upon the inadequate inspection of the shaft by the master when certain anomalies in its operation were reported to its representatives immediately

before the shaft broke. The case was permitted to go to the jury upon one state of facts only, which briefly, but in substance, was this: Patrick King, a machinist, one of the defendant's witnesses, who had for years attended to the machine in question, testified that the shaft that broke had been "put in a week or two before the happening of the accident." This fact was combatted rather than denied by the plaintiff; but, inasmuch as the testimony was the defendant's, its acceptance by the jury is not now open to its complaint. With this fact thus established there was a fair ground for contention upon the testimony that the crack in the shaft had existed for two weeks and hence that its presence might have been discovered before the shaft was put in if reasonable care had been exercised. No question of its concealment by other parts, or of the employment of unusual or specialized processes of inspection, is involved in these propositions of fact. The question was simply whether the crack then existed, and whether, upon an examination such as a prudent man would have made before putting into service this shaft (old or new), the crack would have been discovered. These matters lay largely in inference, but the inferences were such as are drawn by juries. The decision of the jury is, in view of the charge of the court, unequivocally expressed by its verdict, and is supported by testimony competent to sustain the inferences implied in such a finding. This result was reached after a trial, in the course of which the defendant had the benefit of the court's rulings in its favor upon all the fairly debatable questions of law, and was confronted before the jury with only fairly debatable questions of fact. A verdict rendered under these circumstances is not normally subject to judicial interference. The verdict was for a large amount—$7,000—but the testimony as to the distressing and permanent character of the injuries received by the plaintiff was explicit and credible, hence its acceptance by the jury was consistent with the conscientious and intelligent performance by it of what is at all times a delicate function.

The rule to show cause must be discharged.