VIOLET M. ROBINSON, RESPONDENT, v. JOHN BARTON PAYNE, DIRECTOR GENERAL, &c., APPELLANT.

Submitted July 9, 1923—Decided November 19, 1923.

1. By virtue of rules 72 and 73 of the Practice act of 1912 (now rules 131 and 132 of the Supreme Court), the Supreme Court has power, on a rule to show cause obtained by the defendant, to grant a new trial as to damages only, when the only question with respect to which the verdict is wrong is the *quantum* of damages, and that question is separable; and the exercise of that power does not violate the provisions of either the federal or state constitution respecting the right of trial by jury.

2. The power to grant a new trial as to damages only should be exercised with caution, with due regard to the rights of both parties, and only in those cases where it is certain that the error which resulted in excessive or inadequate damages did not affect the other issues. The exercise of the power rests in the sound discretion of the court, and its action will not be disturbed on appeal in the absence of abuse of such discretion.

3. Where the Supreme Court, upon the defendant's rule to show cause, has awarded him a new trial *as to damages only*, and an interlocutory judgment has been entered in favor of the plaintiff, an application by the defendant to amend his answer by setting up an oral offer and acceptance of compromise, even if looked upon as an application to open the judgment and for leave to amend, is addressed to the sound discretion of the court, and its denial in the absence of abuse of that discretion will not be disturbed on appeal.

4. If the correctness of X-ray photographs is established by the testimony of the person making them, or if they are identified by the surgeon under whose general direction and for whose use they were made, and by whom they were used in his diagnosis of the bodily injury, they are admissible in evidence and may properly be taken into the jury room.

On appeal from the Supreme Court.

For the appellant, *Frederic B. Scott.*

For the respondent, *Jacob L. Newman* and *Lionel P. Kristeller.*

The opinion of the court was delivered by

TRENCHARD, J.    Violet M. Robinson sued in the Supreme Court to recover damages for injuries sustained while a passenger on a train of the Delaware, Lackawanna and Western Railroad Company, operated by the director general of railroads.    The cause was referred by the Chief Justice to a Circuit Court judge for trial pursuant to *Pamph. L.* 1906, *p.* 209.    The trial at the Essex Circuit resulted in a verdict in favor of the plaintiff for $5,000.    Thereupon the defendant obtained a rule to show cause why that verdict should not be set aside, with the result that the rule was "made absolute on the matter of damages only, and that the *venire de novo* do issue for the trial of the cause of action of the plaintiff, Violet M. Robinson, *as to damages only.*"    When the second trial was moved the defendant objected to a retrial on the question of damages only, on the ground that it deprived him of his right under both the federal and state constitutions to have the question of liability and the question of damages determined by one and the same jury.    The objection was overruled and the case was tried, both the plaintiff and defendant producing evidence on the question of damages largely additional to that at the first trial.    The verdict was again against the defendant and for a larger amount, and he appeals from the consequent judgment.

We are of the opinion that the Supreme Court has power, on a rule to show cause obtained by the defendant, to grant a new trial as to damages only, when, as here, the only question with respect to which the verdict is wrong is the *quantum* of damages and that question is separable; and that the exercise of that power does not violate the provisions of either the federal or state constitution respecting the right of trial by jury.

By rules 72 and 73 of the Practice act of 1912 (now rules 131 and 132 of the Supreme Court) the legislature declared that:

"72. In case a new trial is granted it shall only be a new trial of the question or questions with respect to which the verdict or decision is found to be wrong, if separable."

"73. When a new trial is ordered because the damages are excessive or inadequate, and for no other reason, the verdict shall be set aside only in respect of damages, and shall stand good in all other respects."

No doubt these statutory provisions were enacted in this state, and somewhat similar ones in other states, because of the apparent conflict of opinion in this country as to the power of the courts to grant a partial new trial under the common law.

An examination of the opinions in *Yazoo, &c., Railroad Co.* v. *Scott,* 67 *So. Rep.* 491; *L. R. A.* 1915, *E.* 239, and *Simmons* v. *Fish,* 210 *Mass.* 563; *Ann. Cas.* 1912, *D.* 588, and of the notes appended thereto, shows that the proper exercise of the power conferred by such statutes is very generally held not to deprive a party of any of his constitutional rights.

In our own state both trial courts and appellate courts have exercised the powers conferred by the rules in question.

In *Gaffney* v. *Illingsworth,* 90 *N. J. L.* 490 (in this court on appeal from the Essex Circuit Court in a tort case), in disposing of the grounds of appeal—(a) that the trial court had no power to set aside the verdict as inadequate and grant a new trial *as to damages only;* and (b) that the trial court had no power to couple the rule to show cause with the terms that it did, this court said:

"The appropriateness and applicability of these rules (rules 72, 73 of the Practice act of 1912, now 131, 132 of the rules of the Supreme Court) cannot be doubted. Therefore the trial judge had the right to grant a new trial on the sole question of the inadequacy of the damages by virtue of the statute and rules mentioned, the question of damages being clearly separable from that of liability."

In *Young* v. *Society, &c.,* 91 *N. J. L.* 310 (in this court on appeal from the Essex County Circuit Court in an action upon contract), this court, in reversing the judgment, referred again to rule 131, and concluded its opinion as follows:

"The only question with respect to which the decision is found to be wrong is the measure of damages. Since that question is here separable the new trial is limited thereto, pursuant to rule 131, made applicable to appeals by rule 147."

In *Spencer Heating Co.* v. *Abbott,* 91 *N. J. L.* 594 (in this court on appeal from the Mercer County Circuit Court in an action upon contract), this court, in reversing the judgment, concluded its opinion precisely as in the case last cited.

The case of *Queen* v. *Jennings,* 93 *N. J. L.* 353 (in the Supreme Court in an action upon contract), was upon a rule to show cause, obtained by the defendant, why a verdict in favor of the plaintiff should not be set aside and a new trial granted, and the Supreme Court at the conclusion of the opinion said:

"That the verdict must be supported by the evidence is elementary. But under the Practice act (*Pamph. L.* 1912, *p.* 397, §§ 72, 73), a new trial shall only be granted of the question or questions with respect to which the verdict or decision is found to be wrong, if separable, or, when the new trial is ordered because the damages are excessive or inadequate, and for no other reason, the verdict shall be set aside only in respect of the damages, and shall stand good in all other respects. This case is within the provisions of that act. * * * The only question with respect to which the verdict is found to be wrong is the measure of damages. The rule will be discharged as to liability; a new trial will be granted, but limited to the question of damages only; the verdict shall stand good in all other respects."

In *Giardini* v. *McAdoo,* 93 *N. J. L.* 138 (in this court on appeal from the Camden Circuit Court in a tort action), it was found that the verdict was excessive because an incorrect rule of damages had been laid down in the court below, and rule 132 was there again recognized and applied.

It is therefore apparent that, both on applications to set aside verdicts in trial courts and in awarding a new trial on reversal in appellate courts, in cases where the only question with respect to which the verdict or judgment is wrong is the *quantum* or measure of damages, and that question is separable, our courts have frequently limited new trials to the question of damages, pursuant to rules 131 and 132 of the Supreme Court, made applicable to appeals by rule 147.

But the defendant-appellant says that our courts have not thus far dealt with the constitutional questions now presented, and since that seems to be so we now proceed to examine and decide those questions.

As we have seen, the defendant contends that he was denied a right guaranteed him by both the federal and state constitutions to have the question of liability and the question of damages determined by one and the same jury.

It is quite clear that his right under the federal constitution was not invaded.

The constitution of the United States by article 7 of the amendments, provides *inter alia* that "the right of trial by jury shall be preserved."

In *Walker* v. *New Mexico, &c., Railroad Co.*, 165 *U. S.* 593, the United States Supreme Court, in holding that a somewhat similar state statute was not in violation of that amendment, pointed out that the aim of the amendment is not to preserve mere matters of form and procedure, but substance of right; that so long as this substance of right is preserved the procedure by which this result shall be reached is wholly within the discretion of the legislature, and that legislative provisions in this respect will not be set aside because the form of action—the mere manner in which the question is submitted—is different from that which obtained at the common law. And in a case which went to the United States Supreme Court from this state (*Brown* v. *New Jersey,* 175 *Id.* 174), it was held that the first ten amendments to the constitution contain no restrictions on the powers of the states, but were intended to operate solely upon the federal government; that the state has full control over the pro-

cedure of its courts, both in civil and criminal cases, subject only to the qualification that such procedure must not work a denial of fundamental rights, or conflict with specific and applicable provisions of the federal constitution.

In *Norfolk S. R. Co.* v. *Ferebee,* 238 *U. S.* 269, the same court clearly recognized that the procedure of a state court, pursuant to a statute such as ours, in granting a new trial as to damages only, when the question of damages is distinct and separable from the other matters involved, does not work a denial of any fundamental right, or conflict with the constitutional provision in question. In that case the plaintiff sued in a North Carolina court under the Federal Employers' Liability act. There was a trial in which, under the North Carolina practice, the jury returned a special verdict, finding, among other things—(1) that the railroad company was negligent, and (2) that the plaintiff was not guilty of contributory negligence. The case was then taken to the North Carolina Supreme Court, which, because of an error in the charge on the subject of damages, granted a partial new trial and remanded the case for a hearing in which the only question to be considered was the amount to be awarded the plaintiff. The jury found for the plaintiff in an amount somewhat larger than the first verdict, and the judgment thereon was affirmed. The defendant then took the case to the United States Supreme Court, and there contended that it was error for the Supreme Court to grant a partial new trial in which the question of damages only could be considered, *inasmuch as the Employers' Liability act entitles the defendant in all cases to prove contributory negligence in mitigation of damages.* In disposing of that contention the court said: "Damages and contributory negligence are so blended and interwoven, and the conduct of the plaintiff at the time of the accident is so important a matter in the assessment of damages, that the instances are rare in which it would be proper to submit to a jury the question of damages without also permitting them to consider the conduct of the plaintiff at the time of the injury. But this record, in connection with the special-finding first verdict,

shows that in this case the two matters were in fact separable, so that the *splitting up of the issues and granting a partial new trial did not in this particular instance operate to deprive the defendant of a federal right."* The judgment was affirmed.

The case of *McKeon* v. *Central Stamping Co.,* 264 *Fed. Rep.* 385, is not in point here, nor controlling in our court. That case was concerned with the federal practice and holds that the provisions of our statutes now in question are not applicable to federal courts.

It is equally clear that article 1, paragraph 7 of our state constitution, declaring that "the right of a trial by jury shall remain inviolate" does not confer upon the defendant the right to have the question of his liability and the question of damages determined by one and the same jury.

The defendant's contention in this regard wholly misconceives the proper construction and effect of the constitutional provision in question. The language, with respect to this mode of trial, is that it shall remain inviolate; not that it shall be unalterable. *Sexton* v. *Newark District Telephone Co.,* 84 *N. J. L.* 85; *affirmed,* 86 *Id.* 701.

We are unable to see upon what theory it can be said that the right of a litigant to a trial by jury is affected by the procedure followed in the instant case. The constitutional provision that the right of trial by jury shall remain inviolate entitles every litigant to have every issue of fact involved in the litigation determined by a jury, and so long as that is done he has been afforded the right guaranteed him by the constitution. There is nothing in that instrument which requires that every such issue shall be determined by the same twelve men, and so it is within the power of the legislature to provide, as it has done in effect, that on applications to set aside verdicts, and on appeal where a *venire de novo* is awarded, in granting a new trial in a case where the only question with respect to which the verdict or judgment is wrong is the *quantum* or measure of damages, and that question is separable, to limit the new trial to the question of damages. Such a provision is a mere regulation of procedure

and does not infringe any constitutional rights. Of course, there must be one fair trial upon every issue, and although a verdict or judgment ought not to stand which is tainted with illegality, yet the parties ought not to be compelled to try anew a question once disposed of by a verdict against which no illegality can be shown. It is the correction of the error and not a new trial to which the aggrieved party is primarily entitled, and the new trial is the means by which that end is accomplished. If, upon a review of the whole case, it appears that the jury has settled the question of liability fairly and upon sufficient evidence, so that, disassociated from other questions, it ought to stand; but that there has been such error in the determination of damages as requires a new trial upon that question, the court has the power to confine the new trial to the question of damages, and in the interest of justice it should exercise the power. So to do saves the parties and the public the expense and burden of a retrial of issues once properly settled. But this is a power which ought to be exercised with caution, with due regard to the rights of both parties, and only in those cases where it is certain that the error which resulted in excessive or inadequate damages did not affect the other issues. The exercise of the power rests in the sound discretion of the court, and its action will not be disturbed on appeal in the absence of abuse of such discretion. *Gaffney* v. *Illingsworth,* 90 *N. J. L.* 490. Here there was no such abuse.

The next point argued is that the Supreme Court erred in refusing to modify its order granting a new trial, so as to allow the defendant to amend his answer by setting up an oral offer and acceptance of compromise. As to this it is a sufficient answer to say that where, as here, the Supreme Court, upon the defendant's rule to show cause, has awarded him a new trial *as to damages only,* and an interlocutory judgment has been entered in favor of the plaintiff, an application by the defendant to amend his answer by setting up an oral offer and acceptance of compromise, even if looked upon as an application to open the judgment and for leave to amend, is addressed to the sound discretion of the court,

and its denial, in the absence of abuse of that discretion, will not be disturbed on appeal. We think that here there was no abuse of such discretion.

The next point is that "there was error in admitting the X-ray plates and films, and allowing them to be taken into the jury room."

We think not. The rule is that if the correctness of X-ray photographs is established by the testimony of the person making them, or if they are identified by the surgeon under whose general direction and for whose use they were made, and by whom they were used in his diagnosis of the bodily injury, they are admissible in evidence. *Jenkins* v. *Charleston General Hospital,* 90 W. Vir. 230. See also 10 R. C. L. 1159, and cases there cited. Tested by these rules the plates and films in question were properly admitted in evidence and were properly allowed to be taken into the jury room.

The only other question raised and argued relates to the cross-examination of a witness. We incline to think there was no error; but if so it was harmless.

The judgment below will be affirmed, with costs.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, TREN-CHARD, KALISCH, BLACK, KATZENBACH, WHITE, HEPPEN-HEIMER, ACKERSON, VAN BUSKIRK, JJ. 10.

*For reversal*—None.