FRANK L. ESPOSITO, PLAINTIFF-RESPONDENT, v. MI-
CHAEL LAZAR, DEFENDANT-APPELLANT.

Argued April 4, 1949—Decided May 16, 1949.

*Mr. Maurice C. Brigadier* (*Mr. Ezra L. Nolan,* attorney) argued the cause for the appellant.

*Mr. Andrew O. Wittreich* (*Mr. Jacob J. Levey,* attorney) argued the cause for the respondent.

The opinion of the court was delivered by

ACKERSON, J.   Plaintiff had a judgment for $1,200 against the defendant on the verdict of a jury in a negligence action in the former Hudson County Court of Common Pleas wherein plaintiff claimed that the defendant had negligently closed a door of his automobile upon plaintiff's right hand while the latter was entering the vehicle as an invitee of the defendant.   Upon the return of plaintiff's rule to show cause why a new trial should not be granted as to damages only,

the trial court found the damages inadequate and ordered a new trial with respect thereto unless the defendant would consent to increasing the award to $3,500. Such consent was not given and the retrial, so limited, resulted in a verdict and judgment for $3,000. Thereupon defendant appealed to the Appellate Division of the Superior Court alleging that the trial court erred in granting a new trial limited to damages only, because the question of the defendant's liability was so seriously in doubt as to indicate that the first verdict was the result of a compromise as to both liability and damages. The action of the trial court was affirmed in the Appellate Division by a divided court, and from that judgment the present appeal is taken upon the same grounds as urged below.

■ ■ It is the settled law of this state that a new trial may be limited to damages only, where that is the only question with respect to which the verdict or judgment is wrong and it is fairly separable from the other issues, and the best interests of justice will be served by granting a partial new trial. The exercise of this power rests in the sound discretion of the court and its action with respect thereto will not be disturbed on appeal in the absence of abuse of such discretion. *Gaffney v. Illingsworth,* 90 *N. J. L.* 490, 491 (*E. & A.* 1917); *Robinson v. Payne,* 99 *Id.* 135, 137 (*E. & A.* 1923). So too, it is within the discretion of the trial court in such cases to give the parties the option of paying or accepting a stated increase in or reduction of, as the case may be, the amount of the verdict, or of going on to a new trial as to the amount of the damages, subject to the power of an appellate court to vacate any such terms when they appear to be an abuse of discretion. *Wilson v. G. R. Wood, Inc.,* 121 *N. J. L.* 41, 43 (*E. & A.* 1938); *Gaffney v. Illingsworth, supra.*

The principle which is to guide the courts in limiting new trials to damages only, is well expressed in *Robinson v. Payne, supra, p.* 142, as follows: "If, upon a review of the whole case, it appears that the jury has settled the question of liability fairly and upon sufficient evidence, so that, disassociated from other questions, it ought to stand; but that there

has been such error in the determination of damages as requires a new trial upon that question, the court has the power to confine the new trial to the question of damages, * * *. But this is a power which ought to be exercised with caution, with due regard to the rights of both parties, and only in those cases where it is certain that the error which resulted in excessive or inadequate damages did not affect the other issues."

The limitation of a new trial to the ascertainment of the *quantum* of damages will not be ordered unless it clearly appears that the ends of justice will be served thereby. To justify such a limitation, that question must be entirely distinct and separable from the issue of liability; otherwise, such procedure would work a denial of a fundamental right. *Norfolk S. Railroad Co. v. Ferebee,* 238 *U. S.* 269, 35 *S. Ct.* 781, 59 *L. Ed.* 1303; *Robinson v. Payne, supra; Juliano v. Abeles,* 114 *N. J. L.* 510, 512 (*Sup. Ct.* 1935). As was said in the case last cited: "The new trial cannot be narrowed to the *quantum* of damages unless it is plain that the error committed at the trial 'was so limited in character as with justice to both parties to be separable from the other issues determined by the first verdict.' * * * It is a corollary of the foregoing that if the case under consideration exhibits a compromise verdict on the fundamental issue of liability, the error taints the whole verdict, and a new trial of the entire issue is required. The law contemplates that juries shall, by discussion, harmonize their views, if possible, but not that they shall 'compromise, divide and yield for the mere purpose of an agreement;' * * *. Such conduct in the jury room is subversive of the basic principles of trial by jury; a verdict resulting from a compromise of this nature is wholly invalid. Granting a new trial as to damages in such circumstances would work grave injustice to the defendant; for it would deprive him of his constitutional right to a determination of the issue of liability by a jury in accordance with established principles."

The court below found, and the plaintiff now argues, that the granting of a new trial as to damages only was not

an abuse of discretion because on the evidence of the defendant's physician, if believed, the first verdict of $1,200 was not inadequate, and, therefore, the *quantum* of the award does not indicate a compromise on the issue of liability. We do not agree that this is so. The plaintiff, a baker by trade, sustained a painful fracture of the second (index) metacarpal of the right hand which interfered with his obtaining work as a baker. True the physician produced by the defendant expressed the view that there was no functional impairment or any condition that would interfere with plaintiff's work as a baker, although admitting that there was a "cosmetic enlargement" on the back of the hand in the location of the fracture. But if the jury believed the evidence produced by the plaintiff to the effect that there was functional disability of his right hand due to the deformity of the fractured bone which prevents him from effectively following his trade as a baker, the first award was grossly inadequate. The trial judge deemed this to be so and so did the jury on the second trial where the verdict was two and one-half times greater than the first; and there is no suggestion now that the award on the second trial is excessive. The plaintiff moved successfully for a new trial on the ground that the first verdict was grossly inadequate and cannot now argue to the contrary. *Lindeman-Chevrolet, Inc., v. Reliable, etc., Co.,* 4 *N. J. Misc.* 52 (*Sup. Ct.* 1926); affirmed, 103 *N. J. L.* 198 (*E. & A.* 1926); 5 *C. J. S.* (*Appeal and Error*), § 1506, *p.* 195.

The question of the defendant's liability was sharply contested and at the close of the first trial was extremely in doubt. He had driven in his automobile to a salesroom to inspect some new cars, having invited the plaintiff and Edmund Domanowski to ride with him. After the inspection they all returned to the defendant's car which had been left standing at the curb, and as the plaintiff was entering by the right rear door it was slammed on his right hand which was grasping the upright between the first and rear doors. The circumstances indicate that, in all probability, either the defendant or Domanowski—the other passenger, closed the door on plaintiff's hand, but the latter testified that he did not see who

was the responsible party. He did testify, however, that at the time both Lazar and Domanowski were standing on the sidewalk near the door, and that after his hand was hurt he heard the defendant exclaim "* * * , I'm sorry." But the defendant testified that this remark was made after the plaintiff "started screaming, saying, 'I hurt my hand.' " Domanowski stated that at the time he heard the plaintiff yell "ouch" the defendant was behind the wheel on the front seat, but at another point in his testimony he said that the defendant at the time was on the sidewalk. When Domanowski was asked whether he had closed the door on plaintiff's hand he answered "I don't remember closing the door." Lazar's testimony was also vague. He·testified that he unlocked and opened both doors on the right side of the car, and then went around the front of the car and at that time heard the plaintiff scream. He was asked: "Did you close the door on his hand?" To which he answered: "No, I can't remember closing the door on his hand. I can't remember." Later he testified positively that he did not, and was on the other side of the car at the time.

Obviously the question of defendant's liability was shrouded in great doubt, and we are persuaded that the jury resolved this question against him by the expediency of offsetting the doubt by awarding inadequate damages. The factual background supplies a reasonable inference that the original verdict was the result of a compromise and therefore invalid under the principle enunciated in *Juliano v. Abeles, supra,* which was apparently ignored when the new trial was limited to damages only.

The judgment below is reversed and the cause remanded to the County Court of Hudson County for a trial *de novo* on all the issues.

*For reversal*—Chief Justice VANDERBILT, and Justices CASE, HEHER, OLIPHANT, BURLING and ACKERSON—6.

*For affirmance*—None.