14 N.J. Super. 549 (1951)
82 A.2d 640
JOSEPH W. BEGGS, BY HIS GUARDIAN AD LITEM, MINNIE BEGGS, AND MINNIE BEGGS, PLAINTIFFS-RESPONDENTS,
v.
GEORGE PASALANO, JR., AND VINCENT CALABRESE, DEFENDANTS-APPELLANTS.
Superior Court of New Jersey, Appellate Division.
Argued May 28, 1951.
Decided June 26, 1951.
*551 Before Judges McGEEHAN, JAYNE and WM. J. BRENNAN, JR.
Mr. Samuel A. Larner argued the cause for appellants (Mr. Edward J. Ascher, attorney).
Mr. J. Victor Carton argued the cause for respondents (Messrs. Wise & Wise, attorneys).
The opinion of the court was delivered by McGEEHAN, S.J.A.D.
The infant plaintiff, Joseph W. Beggs, by his guardian ad litem, sued to recover for injuries sustained by him in a collision between an automobile driven by him and a truck owned by defendant George Pasalano, Jr., and driven by defendant Vincent Calabrese; plaintiff Minnie Beggs, his mother, sued to recover for consequential damages. The jury verdict in the Superior Court, Law Division, was against both defendants and in favor of the plaintiff Joseph W. Beggs for $2,500 and in favor of the plaintiff Minnie Beggs for $5,000. Joseph W. Beggs moved for a new trial in his case alone, limited to damages only, on the ground that the award of $2,500 to him was totally inadequate and the result of passion, prejudice, bias or mistake. The defendants also moved for a new trial as to all parties and all issues, on the ground that the verdicts were obviously the result of a compromise as to both liability and damages. The trial court granted a new trial on the question of damages only as to Joseph W. Beggs.
Defendants concede that if liability be assumed, the verdict in favor of Joseph W. Beggs is so grossly inadequate as to justify the granting of a new trial; but argue that the inadequacy of this award evidences a compromise on the issue of liability, requiring a new trial on all issues.
*552 A new trial may be granted to all or any of the parties and as to all or part of the issues, upon motion made to the trial judge. Rule 3:59-1. When a new trial is sought on the ground that the damages are inadequate or excessive, a new trial should not be granted unless the court finds that the amount of the damages awarded is so contrary to the weight of the evidence on this question as to make it clearly and convincingly appear that the verdict of the jury was the result of mistake, partiality, prejudice or passion. While such a finding justifies the grant of a new trial, it does not, standing alone, justify the limitation of the new trial to the question of damages only. To justify such a limitation, it must also appear, clearly and convincingly, upon a review of the whole case, that the question of the amount of damages is entirely distinct and separable from the issue of liability, and that the error which resulted in excessive or inadequate damages did not affect the issue of liability. The power to limit a new trial to the question of damages only is a power which should be exercised with caution and with due regard to the rights of both parties. If the damages awarded are so inadequate as to justify the grant of a new trial, it may have arisen from a compromise on the fundamental issue of liability; such a compromise taints the whole verdict and a new trial of the entire issue is required. Esposito v. Lazar, 2 N.J. 257 (1949); Erdo v. Stahlin, 11 N.J. Super. 305 (App. Div. 1951); Juliano v. Abeles, 114 N.J.L. 510, 512 (Sup. Ct. 1935); Robinson v. Payne, 99 N.J.L. 135 (E. & A. 1923). It follows, therefore, that the new trial cannot be limited to the question of damages only, if it does not clearly and convincingly appear that the inadequacy of the damages awarded was not the result of such a compromise.
The trial judge and the appellate tribunal are controlled by the same criteria. Hager v. Weber, 7 N.J. 201 (1951). However, in applying these criteria in a case in which a motion for a new trial has been passed upon by the trial court, we give due, although not controlling, regard to the trial judge's opportunity to observe the witnesses who *553 testified and to pass upon their credibility. Murphy v. Terzako, 14 N.J. Super. 254 (App. Div. 1951).
In this case it is conceded that the granting of a new trial was justified. The question presented is whether the limitations placed upon the new trial, namely, as to the case of Joseph Beggs alone, and as to damages only, are justified.
The collision between the Beggs car and the truck occurred at about 3 A.M. on July 5, 1949, while the car and truck were proceeding in opposite directions on Oceanport Avenue in Oceanport. Defendant Calabrese was driving the truck and the owner, defendant George Pasalano, Jr., and his wife were riding with him on the driver's seat. At the time, Joseph Beggs was on his way home from a dance and the occupants of the truck were on their way to Newark to purchase produce at the market there, for the produce business conducted by George Pasalano, Jr.
Joseph Beggs testified that when the truck was about 75 yards away, it pulled out from behind another car which was proceeding in the same direction as the truck, came over on Beggs' side of the road, forced Beggs' car into the curb, where it collided with the side of the Beggs car, and then continued onward. A few seconds after the accident, he got out of his car, walked to the middle of the road, looked around, saw nothing in sight, and after three or four minutes drove off to get treatment for his injured arm.
The occupants of the truck testified that the truck was proceeding along Oceanport Avenue, with no other car in sight, when the Beggs car came around a curve in the road. When the Beggs car got about 70 yards away from the truck, it appeared to be heading right for the truck, and the driver of the truck then applied his brakes and pulled over to the right as far as he could. The Beggs car hit the truck when the truck was off the highway. After the collision, the Beggs car proceeded about 100 yards before coming to a stop. The truck stopped at the side of the road, close to a street light. Pasalano and his wife alighted and proceeded to pick up pieces of the Beggs car which had been knocked off in the collision *554 and were lying in the vicinity of the truck, and to place them on the side of the road. Calabrese, in the meantime, walked towards the Beggs car, but before he could reach it, the Beggs car drove off. The truck remained at the scene for about 15 minutes before proceeding to Newark. The defendants made no report of the accident.
Willie Williams, a witness for the plaintiff, testified that while he was driving his automobile (also a truck) on Oceanport Avenue, about 75 yards distant from the Beggs car which was coming from the opposite direction, a truck passed him, and while this truck was driving in the middle of the road, it collided with the Beggs car. He heard no noise when the collision occurred, other than the noise a truck usually makes. After he passed the Beggs car, he passed this truck, which had stopped on its own side and just off the side of the road. He stopped his automobile beyond the truck. He saw two men and a lady picking something off the street. Then the truck turned around and proceeded in the opposite direction and passed the Beggs car, which was still parked at the curb. His testimony as to the collision itself was very vague. In several respects his testimony as to events immediately following the collision conflicted with the testimony of Joseph Beggs, and in some respects conflicted with the testimony of all the other witnesses. However, he gave the police a description of the truck involved in the collision, and it enabled the police to identify the truck as that of the defendant Pasalano.
Two residents of Oceanport Avenue testified that they were awakened by the noise of the crash. Their testimony corroborated in most respects the defendants' story of events immediately following the collision.
Giving due regard to the trial judge's opportunity to pass upon the credibility of the witnesses, it does not clearly and convincingly appear to us, from our review of the whole case, that the jury did not compromise on the issue of liability. Therefore, the new trial cannot be limited to the ascertainment of damages only. The claim of Minnie Beggs *555 is derivative and the taint of the compromise on liability invalidates the verdict in her favor.
The judgment is reversed and a new trial as to all parties and all issues is granted, with costs to abide the event.