19 N.J. Super. 492 (1952)
89 A.2d 89
BENJAMIN ANNICHIARICO, PLAINTIFF-APPELLANT,
v.
MOBILITE, INC., A CORPORATION, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued April 14, 1952.
Decided May 15, 1952.
*495 Before EASTWOOD, BIGELOW and FRANCIS, JJ.
Mr. Benjamin H. Chodash argued the cause for the plaintiff-appellant (Mr. Harold Krieger, attorney).
Mr. Emil Klein argued the cause for the defendant-respondent (Messrs. Klein & Klein, attorneys).
The opinion of the court was delivered by EASTWOOD, S.J.A.D.
The issue brought up by this appeal relates to the power of the trial court to set aside the verdict of a jury and direct a new trial. At a trial before the Law Division, Hudson County, the jury returned a verdict in favor of the plaintiff, Benjamin Annichiarico, in an action to recover certain unpaid portions of salary allegedly due him by reason of his employment with the defendant company between June 1, 1946, and January 18, 1950. Thereafter, the court, on defendant's motion, granted a new trial, on the ground that the verdict was against the weight of the evidence. On plaintiff's application, this court granted leave to appeal from the ensuing order.
At the opening of the case, in the presence of the jury and with the parties' approval, the court stated:
"The Court: It is stipulated and agreed between the parties that the plaintiff was an employee of the defendant between June 1st, 1946, and January 18th, 1950, and received a rate of compensation during that period of time.
The plaintiff contends that the rate of compensation paid him was less than that paid for work performed by a person known as a die-setter.
The defendant contends that the plaintiff was not employed as a die-setter.
The issue to be tried and determined by the jury is whether or not the plaintiff was employed by the defendant between June 1st, 1946, and January 18th, 1950, as a die-setter.
*496 If the jury returns a verdict that the plaintiff was employed as a die-setter, the rate of compensation is fixed by contract and has been agreed upon.
If the jury finds that the plaintiff was not employed by the defendant as a die-setter, the verdict should be of no cause for action.
The plaintiff contends that he was employed as and worked as a die-setter.
The defendant denies that he was either employed as a die-setter or worked as a die-setter.
Therefore, if the jury find that the defendant was not  or rather, that the plaintiff was not employed as a die-setter, the verdict shall be of no cause for action.
Is that right?
Mr. Klein: That is right.
Mr. Chodash: That is right."
At the end of the entire case, no motion for direction of verdict was made by the defendant and the court then submitted the sole question to the jury as to whether plaintiff was employed as a die-setter. Upon the jury's unanimous verdict in favor of the plaintiff, judgment was entered for the stipulated sum of $1,400, with costs.
The defendant's motion for a new trial was addressed to a discretionary power of the trial judge under Rule 3:59-1, as amended June 7, 1951; June 29, 1951. Such discretionary power of the trial judge is "to be exercised, however, not according to whim or caprice, but by sound application of rules of law controlling the determination of the motion, and when it appears, as here, that judicial discretion was not properly exercised because the trial judge failed correctly to apply such rules, and it further appears his error injuriously affected the substantial rights of the defendants, we are empowered on appeal to reverse his action. Cf. Cortese v. Cortese, 10 N.J. Super. 152 (App. Div. 1950); Rule 3:59-5, as amended." Erdo v. Stahlin, 11 N.J. Super. 305, 309 (App. Div. 1951). Judicial discretion is not an arbitrary or personal discretion to be exercised according to the whim or caprice of the individual judge; it is a mere legal discretion and he should use the authority reposed in him when the essential requisites for its exercise exist and the justice of the course is apparent. McFeely v. Board of Pension Com'rs, 1 *497 N.J. 212 (1948); Carlo v. Okonite-Callender Cable Co., 3 N.J. 253, 262 (1949). An appellate court may review a trial judge's action and reverse it when it appears that his judicial discretion was not properly exercised in the circumstances and where it also appears that the substantial rights of the party were injuriously affected thereby. State v. Hunter, 4 N.J. Super. 531 (App. Div. 1949); cf. Rules 1:2-20 and 3:81-13. The pertinent portion of Rule 3:59-1 provides:
"* * * On a motion for a new trial in an action tried before a jury, the trial judge shall not set aside the verdict of the jury as against the weight of the evidence unless, having given due regard to the opportunity of the jury to pass upon the credibility of the witnesses, it clearly and convincingly appears that the verdict was the result of mistake, partiality, prejudice or passion."
The trial judge and the appellate tribunal are governed by the same criteria. Hager v. Weber, 7 N.J. 201 (1951); Beggs v. Pasalano, 14 N.J. Super. 549, 552 (App. Div. 1951). To find that a verdict is contrary to the weight of the evidence, it must be of such a nature "as irresistibly to give rise to the inference of mistake, passion, prejudice, or partiality, and by that standard to be palpably against the weight of the evidence." Hager v. Weber, supra.
In granting defendant's motion setting aside the jury's verdict and granting a new trial, the trial court stated:
"So we have the testimony of the plaintiff that he was hired as a die-setter about June 1st, 1946, which is denied. We have the testimony of the plaintiff that he worked as a die-setter from June 1st, 1946, until January 19th. 1950, which is also denied. But we have, in addition, the time cards signed by the plaintiff each week that he received his pay, in which he acknowledges that the rate of pay he received is correct.
I think that the verdict of the jury is the result of a mistake, partiality or prejudice; that the evidence is overwhelmingly contrary to the plaintiff's contention."
Defendant's motion was addressed to the discretion of the trial court. As stated in Hager v. Weber, supra, at p. 212:
*498 "* * * The exercise of judicial discretion `implies conscientious judgment, not arbitrary action. It takes account of the law and the particular circumstances of the case and is "directed by the reason and conscience of the judge to a just result."' Hoffman v. Maloratsky, 112 N.J. Eq. 333 (E. & A. 1933)."
The plaintiff contends that the trial court erroneously invaded the jury's province of determining the weight of the evidence, and the credibility of the witnesses and that there was no compelling inference that the jury's verdict was a result of mistake, partiality, prejudice or bias, but to the contrary, the evidence supported the jury's findings. In our consideration of the trial judge's conclusion that the verdict was overwhelmingly against the weight of the evidence, we must of necessity make reference to the testimony. Plaintiff testified that he was employed as a die-setter to replace a former die-setter who left defendant's employ. Two fellow employees corroborated plaintiff's testimony that he did perform the duties of a die-setter. Defendant offered the plant manager and foreman who denied that plaintiff was a die-setter and stated that he merely assisted in die-setting work. There being no accurate description of a die-setter's duties in the labor union employment wage contract or any established understanding concerning those duties, the same became a matter of proof. In our review of the record, we find certain inconsistencies and contradictions in the testimony of defendant's witnesses, in that it is admitted that at times plaintiff did place dies in position and made them fast, but it is claimed, failed to make the final adjustments. On the contrary, plaintiff testified that he performed all of the duties of a die-setter during the period in question. Defendant contended that plaintiff's rights stemmed from an employment contract and that in receiving his weekly wages, he acknowledged in writing on the back of the wage card, the correctness of the time, wage rate, deductions and net payment, and thereby defeated his own claim in this matter. Plaintiff explained, with some logic, that for a considerable period of time he was unaware of the salary differential; *499 that, when he learned about it, he complained to the management and received assurances that an adjustment would be made and that, in the meantime, had he not signed the wage card, he would not have received any wages. Defendant denied this testimony.
It is a generally recognized principle of law laid down by our courts, that a verdict will not be set aside as against the weight of the evidence unless the facts and circumstances clearly sustain the inference that it was the result of mistake, passion, prejudice or partiality. Wadell v. Public Service Coordinated Transport, 3 N.J. Super. 132 (App. Div. 1949); Vadurro v. Yellow Cab Co. of Camden, 6 N.J. 102 (1950); Gill v. Krassner, 11 N.J. Super. 10 (App. Div. 1950); State v. Narushef, 15 N.J. Super. 483 (App. Div. 1951); LaRocco v. Lipski, supra.
The language used by Mr. Justice Oliphant in Flexmir, Inc., v. Lindeman & Company, 8 N.J. 602 (1952), at p. 605, is applicable here:
"The Appellate Division obviously indulged in weighing the evidence without regard to whether or not the result arrived at by the jury after weighing the evidence was the result of mistake, partiality, prejudice or passion. In so doing it transcended the legitimate bounds of its review of a jury verdict and its determination infringed upon plaintiff's constitutional right of a trial by jury. There is ample evidence in the case on which the jury could have premised a verdict in favor of the plaintiff. In making its determination with respect to the facts the Appellate Division apparently treated certain testimony given by the defendant's expert witnesses as if it was uncontradicted and absolute when such was not the case, and accordingly it attempted to analyze the case as if it was a scientific or mathematical problem, which could be determined with certainty, and in which only one correct answer could be arrived at. The evidence as a whole, however, was not so definite and absolute as to permit any such conclusions. The testimony with respect to the pertinent issues was not only confusing but conflicting, and necessitated the resolution of doubts and disputes by the jury, a function that cannot legitimately be done by an Appellate Court on a review of a jury verdict. * * *"
"A verdict that rests upon testimony competent to sustain the inference implied in such a finding is ordinarily conclusive; *500 e converso, it is not. Smith v. P. Lorillard Co., 67 N.J.L. 361 (Sup. Ct. 1902). The court may not set aside a verdict merely because, in its opinion, the jury upon the evidence might well have found otherwise. Knickerbocker Ice Co. v. Anderson, 31 N.J.L. 333 (Sup. Ct. 1865). This conception of the weight of the evidence governs the trial court as well as the appellate court; and it applies to civil and criminal causes. State v. Karpowitz, 98 N.J.L. 546 (E. & A. 1923); Boesch v. Kick, 97 N.J.L. 92 (Sup. Ct. 1922), affirmed 98 N.J.L. 183 (E. & A. 1922); Queen v. Jennings, 93 N.J.L. 353 (Sup. Ct. 1919); Floersch v. Donnell, 82 N.J.L. 357 (Sup. Ct. 1912); Juliano v. Abeles, 114 N.J.L. 510 (Sup. Ct. 1935)." Hager v. Weber, supra, at p. 210.
Under our present judicial system as effectuated in Rules 3:59-1 and 4:2-2(b), if permission is obtained from the Appellate Division, an appeal may be prosecuted from the trial court's order granting a new trial. The appellate court may then review the trial judge's order and as hereinbefore stated, may reverse if it is determined that the court has erred in granting a new trial. It is obvious that when the Supreme Court promulgated Rule 3:59-1, it contemplated that the trial court, in exercising its discretionary right to grant a new trial, might err in the application of the controlling legal principle in violation of the litigant's constitutional right of a trial by jury. We think the instant case is one to which the rule is applicable and are convinced that the trial judge erred in granting a new trial. We are not unmindful of the discretionary authority vested in the trial court in passing upon a motion for a new trial and concede that the exercise of this historical power will be interfered with by an appellate tribunal only when the action of the trial court constitutes a clear abuse of that discretion, the trial court "taking into account the law and the particular circumstances of the case and is directed by reason and conscience of the judge to a just result." Sokol v. Liebstein, 9 N.J. 93, 99 (1952).
*501 In the case sub judice, after a careful reading of the trial judge's reasons for setting the verdict aside, it clearly appears that he was of the opinion that the evidence was conflicting. He points out that the plaintiff testified "that he was hired as a die-setter about June 1st, 1946, which is denied. We have the testimony of the plaintiff that he worked as a die-setter from June 1st, 1946, until January 19th, 1950, which is also denied." And then states, "But we have, in addition, the time cards signed by the plaintiff each week that he received his pay, in which he acknowledges that the rate of pay he received is correct," and in effect holds that the receipts outweigh all of the other evidence. The court failed to state, however, that the plaintiff testified as to why he signed those weekly receipts. It was for the jury to say whether it believed, as it apparently did, the plaintiff's explanation. Under the circumstances, the trial judge, in reaching his conclusion that the verdict was the result of mistake, partiality or prejudice, did not give "due regard to the opportunity of the jury to pass upon the credibility of the witnesses." As stated, the issue submitted to the jury, as to whether the plaintiff was employed as a die-setter, was sharply contested and a review of the record clearly indicates that the testimony was in conflict. We are convinced that there was sufficient competent evidence, if believed by the jury, to support the verdict and, therefore, the trial court erroneously concluded that the verdict was overwhelmingly against the weight of the evidence.
The order of the Law Division is reversed and the judgment entered on the jury's verdict is reinstated.