20 N.J. Super. 77 (1952)
89 A.2d 273
LILLY JOHNSON, PLAINTIFF-APPELLANT,
v.
GEORGE SGOURAKIS, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued June 2, 1952.
Decided June 11, 1952.
*78 Before Judges McGEEHAN, JAYNE and GOLDMANN.
Mr. John A. Laird argued the cause for appellant (Mr. Abraham Honigfeld, attorney).
Mr. Donal C. Fox argued the cause for respondent (Messrs. Fox & Schackner, attorneys).
The opinion of the court was delivered by McGEEHAN, S.J.A.D.
Lilly Johnson sued to recover for the injuries she sustained when an automobile driven by the defendant, George Sgourakis, struck her as she was walking across a street at a duly designated crosswalk; and her husband, Frank Johnson, sued to recover for consequential damages. The jury returned a verdict against the defendant, George Sgourakis, in the sum of $192 in favor of Lilly Johnson, and in the sum of $190 in favor of Frank Johnson. Motion was made on behalf of Lilly Johnson for a new trial on the ground that "the verdict of the jury as returned was the result of passion, prejudice or mistake." The trial judge denied the motion.
On this appeal the plaintiff, Lilly Johnson, seeks the grant of a new trial limited to her case against the defendant, George Sgourakis, and also limited to the question of damages only. The defendant argues, first, that the denial of the motion for new trial by the trial judge should be affirmed and, *79 second, if unsuccessful on his first argument, that the verdict in favor of the plaintiff, Lilly Johnson, should be set aside in toto and a new trial ordered as to all issues.
The accident happened on October 6, 1950. X-rays disclosed that Lilly's right shoulder was broken. The break was described by her doctor as follows:
"This is the portion here, this round portion which looks like a ball, whch we call the head of the right humerus. Now ordinarily this is round and smooth, but you can see here there is a marked irregularity of the bone; it separates away from the shaft of the bone, and the bone is pushed up beyond this broken portion making it an impacted comminuted fracture. In other words, the bone is shattered and then impacted into the head of the bone."
On October 7 a cast was placed over her right shoulder and right arm down to the wrist and this cast was not removed until November 18, 1950. Following the removal of the cast, she was unable to straighten out her arm and had to carry it in a sling for at least two or three weeks.
At the trial on November 1, 1951, she testified that she suffered intense pain in her whole right arm and in the side of her neck as a result of her injury, and that the pains still continue. Prior to the accident, she had been regularly employed as a domestic earning from $6.80 to $7 a day, with average earnings of $35 to $40 a week, and that part of her duties included the doing of laundry work. She was under her doctor's care from the date of the injury until January 15, 1951. Because of the weakness in her arm she was unable to return to her employment as a domestic until March 16, 1951, and that at the time of trial she was still unable to do any laundry work. The doctor's bill amounted to $150 and the cost of X-rays amounted to $40. All the evidence set forth above was uncontroverted.
If liability be assumed, the award of $192 to Lilly Johnson is so grossly inadequate as to make it clearly and convincingly appear to us that this verdict was the result of mistake, partiality, prejudice or passion, in spite of the due regard we have given to the opportunity of the trial *80 court and the jury to pass upon the credibility of the witnesses. Rules 1:2-20, 4:2-6.
Although the inadequacy of the damages requires the grant of a new trial, such new trial cannot be limited to the question of damages only, unless it clearly and convincingly appears that the inadequacy of the damages was not the result of a compromise on the fundamental issue of liability. Esposito v. Lazar, 2 N.J. 257 (1949); Beggs v. Pasalano, 14 N.J. Super. 549 (App. Div. 1951). When, as here, the appellant fails to include in her appendix all the relevant evidence on the issue of liability, we are compelled to assume that the inadequacy of the damages was the result of a compromise on the fundamental issue of liability. Such a compromise taints the whole verdict and a new trial of the whole issue is required. Ross v. Metz, 14 N.J. Super. 571 (App. Div. 1951). No question has been raised about the judgment in favor of the husband. Cf. Beggs v. Pasalano, above; Ross v. Metz, above.
That part of the judgment which is in favor of Lilly Johnson and against George Sgourakis is reversed and a new trial is granted as to these parties on all issues, with costs to abide the event.