46 N.J. Super. 471 (1957)
135 A.2d 18
LENA BACHMANN AND FREDERICK BACHMANN, PLAINTIFFS-APPELLANTS,
v.
CARMEN F. PASSALACQUA AND DORIS BACHMANN SUSEN, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued September 23, 1957.
Decided October 4, 1957.
*472 Before Judges CLAPP, JAYNE and HUGHES.
Mr. Harry Chashin argued the cause for appellants (Messrs. Marcus & Levy, attorneys).
Mr. Charles H. Hoens, Jr., Assistant United States Attorney, argued the cause for respondent Passalacqua (Mr. Chester A. Weidenburner, United States Attorney).
Mr. John W. Hand argued the cause for respondent Susen (Messrs. Evans, Hand and Evans, attorneys).
The opinion of the court was delivered by JAYNE, J.A.D.
This litigation was occasioned by the occurrence of a collision between two motor vehicles on August 16, 1955 at the intersection of Morton and Beech Streets in the City of Paterson. The plaintiff Lena Bachmann prosecuted the action against the defendants, who were the drivers respectively of the implicated vehicles, in quest of compensatory damages for her bodily injuries sustained in the mishap. Her husband, the plaintiff Frederick Bachmann, joined in the action to assert his per quod demands.
The jury by its unanimous verdict discharged the defendant Passalacqua from his alleged liability and awarded damages in the sum of $500 to Mrs. Bachmann and in the amount of $200 to her husband against the defendant Susen. The application of the plaintiffs for a new trial against the defendant Susen limited to the issue of damages only, or in the alternative a new trial as to the liability of both defendants on all issues, was denied by the trial judge. The plaintiffs appeal.
*473 We have examined the record and the transcription of the evidence adduced at the trial, and we fail to discover any appellate justification for annulling the jury's determinations of the issues of liability.
The inadequacy of the award to Mrs. Bachmann causes us serious concern, particularly in view of the significance to be ascribed to the action of the trial judge in regard to it. Hartpence v. Grouleff, 15 N.J. 545, 549 (1954).
In the present case, it must be acknowledged from the uncontroverted evidence confirmed by the radiology that Mrs. Bachmann incurred in the mishap a complete, transverse, and impacted fracture of the manubrium, the uppermost of the three segments of the sternum. Additionally, she sustained transverse fractures on the right anterior axillary of the fifth, sixth, and seventh ribs. The fractures of the fifth and sixth ribs were complete and angulated. The fracture of the seventh was not angulated. The impacted character of the fracture of the sternum in healing has produced a naturally conformable deformity in the alignment of the bone.
True, the fractures healed without any deviation from the usual processes of nature, but it is entirely rational to believe that Mrs. Bachmann temporarily suffered some consequential discomfort. True, the medical expense totaled only $159.50. But it is understandable that such injuries do not customarily necessitate extended hospitalization and costly medical attention which would indirectly reflect their severity. Mrs. Bachmann was also treated for contusions of the forehead and knee.
This does not appear to have been a trial at which it can be rationally inferred that the jurors might well have doubted from contradictory or divergent evidence the nature, character, and degree of severity of the plaintiff's bodily injuries, but rather a case in which the jury from some external sensibility resolved to deny to her compensatory damages otherwise justly commensurate.
Our appellate function is intended to be essentially remedial of obvious injustice. Here we observe that in the *474 existing state of the evidence the award was so conspicuously insufficient in amount as to become indicative of the subserviency of the jurors to some improper extrinsic influence. Their determinations of the issues of liability do not appear to have been similarly affected.
The record here impels us to the persuasion that the denial to Mrs. Bachmann of a reconsideration of the award was clearly a mistaken exercise of discretion and that she is entitled to appellate relief.
In this instance we deem it to be appropriate to employ the remedial authority sustained by Gaffney v. Illingsworth, 90 N.J.L. 490, 492 (E. & A. 1917); Esposito v. Lazar, 2 N.J. 257, 259 (1949), and by the very scholarly opinion of Mr. Justice Jacobs in Fisch v. Manger, 24 N.J. 66, 71 (1957).
Our conclusion is that unless within 15 days after the filing of our mandate herein the defendant Susen, in authentic form, expresses her consent to pay to the plaintiff Lena Bachmann compensatory damages in the sum of $1,500, a new trial limited solely to the determination of her compensatory damages from the defendant Susen is directed. Costs of this appeal are allowed to Mrs. Bachmann against the defendant Susen.
The judgment of no cause of action in favor of the defendant Passalacqua and the judgment awarding $200 damages to the plaintiff Frederick Bachmann are affirmed.
Mandate accordingly.