DOLORES ANN ROSS, BY HER NEXT FRIEND SANTI ROSS, PLAINTIFF-APPELLANT, AND SANTI ROSS, INDIVIDUALLY, PLAINTIFF, v. PETER METZ, DEFENDANT-RESPONDENT.

Superior Court of New Jersey
Appellate Division

Argued June 4, 1951—Decided June 26, 1951.

See also 7 *N. J. Super.* 224, 72 *A.* 2d 891.

Before Judges McGEEHAN, JAYNE and WM. J. BRENNAN, JR.

*Mr. Hyman W. Rosenthal* argued the cause for plaintiff-appellant (*Messrs. Marcus & Levy,* attorneys; *Mr. Harry Chashin,* of counsel).

*Mr. Hugh C. Spernow* argued the cause for defendant-respondent.

The opinion of the court was delivered by

McGEEHAN, S. J. A. D. Dolores Ann Ross, an infant, by her guardian *ad litem,* sued to recover for a laceration of her wrist, sustained when she came in contact with broken glass in the window of a store which abutted the sidewalk and which was operated by the defendant. Her father, Santi Ross, sued for consequential damages. The jury in the Passaic County Court awarded $200 to Dolores Ann Ross and $89 to Santi Ross. Dolores Ann Ross appeals from the judgment entered.

■■ Nothing in the notice of appeal, the brief or the appendix filed by the appellant Dolores Ann Ross disclosed the fact that she had moved before the trial court for a new

trial in her case alone, limited to damages only, on the ground that the damages awarded her were inadequate and that the trial court had denied the motion. We were apprised of this by the respondent's brief and appendix. It was the duty of the appellant to make this disclosure. On appeal in a case in which a motion for a new trial has been passed upon by the trial court, we give due, although not controlling, regard to the trial judge's opportunity to observe the witnesses who testified and to pass upon their credibility. *Beggs v. Pasalano*, 14 *N. J. Super.* 549 (*App. Div.* 1951).

On August 17, 1945, the infant plaintiff, then 14 years of age, suffered her injury, namely, a cut on her left wrist. She was taken to the Paterson General Hospital, where she was given emergency treatment consisting of eight sutures for the cut and two injections for the prevention of tetanus. Thereafter, she was treated by her doctor on 28 occasions. A heavy scar with adhesions formed and she has a permanent scar four inches in length. Her doctor testified that the loss of function in her wrist has weakened her left hand and that she has a permanent disability amounting to 30 per cent of her left arm. No medical testimony was offered by the defendant.

It clearly and convincingly appears to us, on a review of the relevant evidence on the question of damages, that the verdict awarded to Dolores Ann Ross was the result of mistake, partiality, prejudice or passion. *Cf. Gelsmine v. Vignale*, 11 *N. J. Super.* 481 (*App. Div.* 1951). Therefore, a new trial must be granted.

It is further argued that the new trial, if granted, should be limited to the case of Dolores Ann Ross alone and to the question of damages only. Even though the inadequacy of the damages requires the grant of a new trial, such new trial cannot be limited to the question of damages only, if it does not clearly and convincingly appear that the inadequacy of the damages was not the result of a compromise on the fundamental issue of liability. *Beggs v. Pasalano*, above. To enable us to determine whether such a limitation

is justified, the appellant must include in her appendix all the relevant evidence on the issue of liability. Since this appellant failed to supply us with all this evidence, we are compelled to assume that the inadequacy of the damages was the result of a compromise on the fundamental issue of liability. Such a compromise taints the whole verdict and a new trial of the whole issue is required. *Beggs v. Pasalano,* above. The claim of the father, Santi Ross, is derivative and the verdict in his favor cannot stand with the taint of the compromise.

Judgment reversed and a new trial granted as to all parties and all issues, with costs to abide the event.